THE STATE, WILLIAM A. ALDRIDGE ET AL., PROSECUTORS, PLAINTIFFS IN ERROR, v. THE ESSEX PUBLIC ROAD BOARD, DEFENDANT IN ERROR.

THE STATE, LYDIA ANDREWS ET AL., PROSECUTORS, PLAINTIFFS IN ERROR, v. THE ESSEX PUBLIC ROAD BOARD, DEFENDANT IN ERROR.

By the supplement of February 16th, 1870, to the Essex Public Road Board act, the board was authorized to buy the Newark and Pompton Turnpike, and assess the price upon the lands peculiarly benefited. *Held*, that the change of a turnpike to a common, free, public road, confers no special benefit to the land-owner, and that the act authorizing the assessment of the price of the turnpike upon the land-owner is unconstitutional and void.

Error to the Supreme Court. For opinion of Supreme Court, see 17 *Vroom* 126.

For the plaintiffs in error, *John L. Blake.*

For the defendant in error, *John W. Taylor.*

The opinion of the court was delivered by

THE CHANCELLOR. The writs of error in these cases bring up for review assessments made by the Essex Public Road Board upon the lands of the prosecutors in the town-

ships of Bloomfield and Montclair, in the county of Essex, for benefits conferred by the laying out and widening of Bloomfield avenue, in that county. Among the objections to the proceedings it is assigned for error that a proportion of the price at which the board purchased, from the Newark and Pompton Turnpike Company, its turnpike, which is part of the avenue, was assessed upon the prosecutors' lands. By a supplement (passed in 1870) to the Road Board act, the board was authorized to buy the turnpike and to assess the price upon the lands peculiarly benefited. The objection above stated is well founded. It was held by the Supreme Court, in *Wright* v. *Carter*, 3 *Dutcher* 76, that no damage is done to the owners of the soil of a public highway by changing such highway from a common, free, public road to a turnpike; or, in other words, by transferring the easement from the public to a private corporation which by law is authorized to require of the public payment of tolls for traveling upon the road. The Court of Errors took the same view of the matter, as appears from the opinion of Chief Justice Beasley in *State* v. *Laverack*, 5 *Vroom* 201. Upon the same grounds upon which the decision in that case rests, it must be held that the converse that the change of a turnpike to a common, free, public road confers no special benefit upon the landowner, is true also. It was so held by this court at this term in 'Essex Public Road Board *v.* Speer. It follows that the statutory provision authorizing the assessment of the price of the turnpike upon the land-owners is unconstitutional and void. This conclusion renders it unnecessary to consider the other objections to the proceedings. The judgment of the Supreme Court will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, KNAPP, MAGIE, SCUDDER, CLEMENT, COLE, McGREGOR, PATERSON, WHITAKER. 11.