[No. 4689.]

## SPALDING ET AL. V. THE CITY OF DENVER ET AL.

**1.  Cities and Towns—Storm Sewers—Constitutional Law.**

The provision of section 23, article 7, of the city charter of Denver, to the effect that storm sewers shall not be the subject of petition or remonstrance, having for its purpose the vesting in the city authorities power to initiate and complete the construction of storm sewers without any preliminary action or interference on the part of the owners of property to be assessed for the costs of such sewers, is not in violation of the constitution.

**2.  Same—Omission of Property from Assessment.**

The omission of property, that should have been assessed, from an assessment to pay the costs of a public improvement in the city of Denver, does not render the entire assessment void, and where the owners of property which has been unjustly assessed by reason of such omission failed to apply at the proper time to the city council to have the assessment corrected, they cannot afterwards appeal to a court of equity for such relief.

**3.  Cities and Towns—Public Improvements—Assessment.**

In assessing the property of an improvement district of a city for the costs of a public improvement, it is not necessary that the assessing ordinance should specifically and separately assess each tract with its proportion of the cost, but an assessment of a certain sum per square foot or per lot of a given size, is sufficient.

**4.  Same.**

In an action by property owners to annul an assessment for public improvements, plaintiffs cannot complain of the assessment on the ground that the city auditor wrongfully added interest to the assessment, nor on the ground that the ordinance prematurely declared the entire assessment due and payable. Plaintiffs must first tender to the proper authorities the amount of principal they claim they owe, or the amount that is due, before they can present to the court either of said questions for adjudication.

**5.  Same—Unjust Assessments.**

Where an assessment of the costs of a public improvement has been made on the property specially benefited thereby, by a rule which appears to be reasonable and likely to approximate an equality of assessments, before parties aggrieved thereby can appeal to a court of equity to relieve them from an alleged excess, or because their property is not, in fact, benefited, they must

first apply for such relief to the special tribunal which the law has provided to settle these questions, and where these questions have not been presented to the city authorities, they cannot be litigated in a court of equity in an action to annul the assessment.

**6. Same.**

The question as to whether or not a public improvement is of such a character that its costs should be assessed against the entire city instead of a district should be presented to the city authorities for determination, and where property owners whose property was assessed for such improvement failed to raise that question before the city authorities, they cannot resort to a court of equity for relief in the first instance.

**7. Same—Irregularities.**

If the city authorities, in letting contracts for public improvements, fail to follow the law, they may be required to do so by an appropriate action in apt time, but after the contracts have been completed it is too late to raise questions of irregularities on the part of the city authorities, in an attack upon the validity of the assessment.

*Appeal from the District Court of the City and County of Denver.*

*Hon. P. L. Palmer, Judge.*

Messrs. VAN CISE & GRANT, for appellants.

Mr. H. A. LINDSLEY and Mr. H. L. RITTER, for appellees.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

The purpose of this action, brought by appellants as plaintiffs, was to annul assessments levied against their property to defray the expense of the construction of what is known as the Capitol Hill Storm Sewer and sub-sewers in the city of Denver. From a judgment denying them this relief, they bring the case here on appeal. The numerous questions argued by their counsel, for convenience, will be considered under the following heads:

1.   The constitutionality of the charter provi-

sions relating to the board of public works and the procedure provided.

2.   The exemption of property in the district.

3.   Irregularities in assessments.

4.   The question of benefits to the property assessed.

5.   Whether the sewer was a local or general public improvement.

6.   Irregularities on the part of the city authorities.

1.   All the propositions urged by counsel in support of their contention that the charter -provisions respecting the authority of the board of public works and the provisions respecting the procedure, in so far as the latter relates to what may be termed ''due process of law,'' have been considered and determined adversely to the claim of counsel in the preceding cases of *City of Denver v. Londoner, ante,* p. 104; *City of Denver v. Dumars, ante,* p. 94; and *City of Denver v. Kennedy, ante,* p. 80.

It is claimed that the provisions of the charter, section 23, article 7 (section 180), to the effect that the construction of storm sewers shall not be the subject of petition or remonstrance, is in violation of both the state and federal constitutions.   It will be noted, from an examination of other provisions of the charter, that the board of public works cannot initiate certain public improvements except on the petition of the property owners, and that, in some instances, a remonstrance filed in apt time deprives the board of all authority to further proceed.   It was the purpose of section 23, *supra,* to vest the city authorities with the power to initiate the construction of storm sewers without the action of the owners of property of the district in which the sewer was constructed.   There is no valid objection to such a provision.   In the absence of statutory provisions, the

city authorities may initiate and complete public improvements without preliminary action on the part of the owners whose property may be assessed for the expense of such improvement. A law to this effect does not deprive the owners of any fundamental right.—*City of Denver v. Londoner, supra.*

2. In making the assessments, the city authorities exempted certain parks and various triangular tracts of land along Park Avenue. No assessment was made on the interests of the street railway company in the street car tracks laid on and along certain streets in the district. It appears from the notice which the city clerk is required to give, by virtue of section 30, article 7 (section 187), charter, that the property excepted was not to be assessed with any part of the expense of the construction of the sewer. No protests were made by plaintiffs against these exceptions, nor did they file any complaints or objections in response to the notice given by the clerk. No doubt, in the preliminary stages of the creation of a sewer district, the question of exemptions of property therein from bearing its legal proportion of the expense of a local public improvement could be heard and determined, but owners injuriously affected by such exemptions must move in apt time. They will not be permitted to remain silent touching the matters of which they have notice, and then, for the first time, after the improvement has been completed and the assessment made upon their property, claim that the assessment is void because of matters which might have been corrected had they interposed their objection before the expense of construction was incurred. The omission of property from bearing its proportion of a special assessment does not render the entire assessment void. The most that plaintiffs could claim would be that an unjust burden was imposed upon their property because of the exemp-

tions of other property in the district benefited by the sewer. The law has provided a forum, namely, the city council sitting as a board of equalization, to determine the question of assessments and apportionments. The plaintiffs have not seen fit to avail themselves of the opportunity thus afforded to have their assessments reduced, if, under the law and facts, they would have been entitled to such a reduction, and therefore cannot appeal to a court of equity for the relief which they might have obtained in the special forum the law has provided.—*City of Denver v. Dumars, supra.*

3.   Under the third proposition, designated "irregularities in assessments," the claims that the assessing ordinance should have assessed separately each tract of land with its proportion of the cost; that the city auditor was without authority to compute, as he did, the assessment against each lot; that he unlawfully added interest on the assessments; and that the assessing ordinance prematurely declared the entire assessment due and payable—will be considered. The assessing ordinance describes the boundaries of the district, states the property exempted, designates the total sum of the assessment, and recites the amount assessed against each lot of a given size, and the rate per square foot for other tracts in the district. There is no provision of law which requires the assessing ordinance to recite the specific amount with which each lot is charged. On the contrary, general section 218 of the charter expressly provides that it is not necessary to designate in the assessing ordinance each piece of real estate in the district separately, but that general descriptions are sufficient, and the assessment may be stated as being so much per square foot or per lot of a given size. To enter into details by describing each lot separately in the assessing ordinance and

designating the amount assessed against each tract would necessitate a long and cumbersome ordinance, without any benefit. It is the function of the city council to determine the rate of assessment against property in a given district, and then it devolves upon other city authorities to carry out the details. This is fully provided for in section 33, article 7 (section 190), charter, which provides that the city auditor shall prepare a local assessment roll, showing, in suitable columns, all the details necessary to acquaint each owner with the amount of the assessment against his property. All this information he obtains from the assessing ordinance, and the matter of separate description and amount to be assessed against each lot is only a question of detail.

If, as claimed, the auditor unlawfully added interest to the assessments, or the ordinance prematurely declared the entire assessment due and payable, they are not matters which can be considered or determined in this action. Plaintiffs must first tender to the proper authorities the amount of principal which they claim is all they owe, and offer to pay the sum which, according to their contention, is correct, before either of these questions can be presented to a court for adjudication.

4. It is contended that the assessments complained of were levied without regard to the question of benefits; that the natural slope of the land within the sewer district was sufficient to drain it, and that property outside of the storm sewer district was benefited and not assessed. Testimony on these questions was received by the trial court. It is not necessary, however, to examine this evidence or attempt to determine what it may establish on these questions. We have decided that the rule of apportionment according to area is *prima facie* valid.—*City of Denver v. Dumars, supra*; but that where any general

method employed, though *prima facie* valid, would work an injustice, relief, in proper circumstances, may be granted.—*City of Denver v. Londoner, supra.* Before parties aggrieved by an assessment levied under a fixed rule which appears to be reasonable and likely to proximate an equality of assessments, can appeal to a court of equity to relieve them from an alleged excess, or because their property was not, in fact, benefited, they must at least first apply for such relief to the special tribunal which the law has provided to settle these questions. The plaintiffs never attempted to raise any of these questions before the city authorities, and are, therefore, not in a position to litigate them in a court of equity.—*City of Denver v. Dumars, supra.*

5. Appellants contend that the sewer is a public improvement of such a character that the cost should have been assessed against the city, instead of a district. This only raises the question of special benefits in another way. The failure of appellants to file complaints or objections to the proposed assessments for the consideration of the special forum provided by law to determine the question of special benefits, precluded them from resorting to a court of equity for relief in the first instance.

6. Certain irregularities on the part of the board of public works were alleged and shown. These alleged irregularities may have affected the validity of the contract, had they been raised at the proper time. If the city authorities were not following the law in letting contracts, they could doubtless have been required to do so by an appropriate action in apt time, but after the contracts have been completed, it is too late to raise questions of this kind in an attack upon the validity of the assessment.

The judgment of the district court will stand affirmed.                          *Judgment affirmed.*