[No. 6369.]

The City of Pueblo et al. v. The Colorado Realty Company et al.

1.  Municipal  Corporations — Special  Assessments — Under paragraphs 5, 6, of § 3 of the act of March 3, 1899 (Laws 1899, 373), property owner by failing to present objections to the preliminary notice of an improvement is only precluded from objecting that the petition for the improvement was subscribed by the requisite number of property owners.  He may still in response to the notice prescribed by the statute, object to the basis upon which the cost is assessed, or to the cost of the improvement, or the amount assessed against his properties.  He is entitled to have such objections heard, and if refused a hearing, or if his objections are overruled, he may resort to a court of equity. —P. 599.

2.  **Statutes Construed**—A statute provided that in ordering
a public improvement the city council should enter an order
adopting full specifications, determining the time in which the
cost should be paid, the rate of interest and the district to be
assessed for the same, requiring also an estimate of the cost
by the engineer, a map to be made by the engineer of the dis-
trict, and the approximate amount to be assessed on each piece
of property; requiring also notice to be published by the city
clerk that complaints and objections will be heard at a day not
less than thirty days later, when the matter will be finally con-
sidered. Another section provided that upon the completion of
the improvement the city engineer shall prepare a statement of
the total cost, apportioning the same to the several tracts of
land to be assessed; that notice shall be published fixing a
day when objections will be heard thereto by the city council
before the passage of an ordinance making the assessment.
Held, that though a property owner fails to present objections
at the first hearing he may still, in response to the second
notice, complain of the basis upon which the assessment is
made, to the cost of the improvement, or to the amount assessed
against his properties.—Pp. 596-599.

*Error to the Pueblo District Court.*
*Hon. N. Walter Dixon, Judge.*

Mr. D. A. HIGHBERGER, for plaintiff in error.

Mr. ALFRED W. ARRINGTON, for defendant in
error.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court:

The plaintiffs, defendants in error, property
owners affected, complain of a special assessment
levied upon their property by the city of Pueblo to
pay the cost of a combined sanitary and storm sewer
which it constructed. This public improvement was
made under the authority conferred upon the city by
act of the general assembly (Session Laws of 1899,
p. 373) and the amendatory act (Session Laws 1901,
p. 388). The important sections involved are subdivi-
sions 5 and 6 of section 3 of the earlier act, which

prescribe the duties of the municipal authorities and define the rights of the property owners concerned before the enactment of an ordinance authorizing the public improvement in question to be made, and sections 20, 21 and 22, which relate to their respective duties and rights after the completion of the work of construction and before the ordinance levying the assessments is adopted.    These provisions read:

"Fifth.    Before ordering the same, a preliminary order shall be made    *    *    *    by the city council, adopting full details and specifications in conformity with petition for the same, leaving no obscurity as to material to be used, determining the number of instalments and time in which the cost shall be payable, the rate of interest on unpaid instalments, and the district to be assessed for the same, as in this act provided; and requiring an estimate of the cost to be made    *    *    *    by the city engineer, together with a map of the district, showing the approximate amounts to be assessed upon each piece of property; and no contracts shall be let for any amounts exceeding the estimate so made.

"Sixth.    The    *    *    *    city clerk shall, by advertisement for twenty days in two newspapers of general circulation published in such city, or where only one such newspaper exists, then in one such newspaper, give notice to the owners of the property to be assessed, of the kind of improvement proposed, the number of instalments, and the time in which the cost will be payable, the rate of interest on unpaid instalments, the extent of the district to be assessed, the probable cost per front foot as shown by the estimates of the engineer, and the time, not less than thirty days after the first publication, when a resolution or ordinance ordering the improvements will be finally considered; that said map and estimate and all resolutions and proceedings are on file and can be

seen and examined at the office of   *   *   *   the city
clerk during business hours, at any time within said
period of thirty days by any person interested; and
that all. complaints and objections that may be made
in writing concerning the proposed improvement, by
the owners of any real estate to be assessed, will be
heard and determined by the   *   *   *   city council
*   *   *   before final action of the   *   *   *   city
council thereon.

"Sec. 20.   Upon completion of any local im-
provement, or in case of sewers, upon completion
from time to time of any part or parts thereof, af-
fording complete drainage for any part or parts, and
upon acceptance thereof by the   *   *   *   city engi-
neer or surveyor or city council, or, whenever the
total cost of any improvements or of any such part
or parts of a sewer can be definitely ascertained, the
*   *   *   city engineer shall cause to be prepared a
statement, therein showing the whole cost of the im-
provement, or of such part or parts thereof including
six per cent. additional for costs of inspection, collec-
tion and other incidentals, and also including interest
to the next succeeding date, when by the laws of the
state general taxes, or the first instalment thereof are
payable; in said statement apportioning the same
upon each lot or tract of land to be assessed for the
same as hereinabove provided; which statement shall
be filed in the office of the city clerk.

"Sec. 21.   The clerk shall thereupon by adver-
tisement for ten days in some newspaper of general
circulation, published in said city, notify the owners
of the property to be assessed, that said improve-
ments have been or are about to be completed and
accepted, therein specifying the whole cost of the
improvements, and the share so apportioned to each
lot or tract of land; and that any complaints or ob-
jections that may be made in writing by the owners

to the city council, and filed in his office within thirty days from the publication of such notice, will be heard and determined by the city council before the passage of any ordinance assessing the cost of said improvements.

"Sec. 22. After the period specified in said notice, the city council, sitting as a board of equalization, shall hear and determine all such complaints and objections, .* * * and the city council shall thereupon, by ordinance assess the cost of said improvements against all the real estate in said district or subdistricts respectively, in the proportions above mentioned."

Before this public improvement was ordered, the city council made and entered the preliminary order as required by the foregoing subdivision 5, and thereupon the city clerk published the required notice to the property owners in compliance with subdivision 6. In response to this notice of the city clerk plaintiffs made no complaint in writing, or at all, concerning the proposed improvement, whereupon the city council, after the expiration of the specified time, passed an ordinance ordering the sewer to be built. After the sewer was finished and the work accepted, the city engineer prepared a statement in accordance with the provisions of section 20 and the city clerk published a notice to property owners as directed by section 21. Within the time prescribed by this second, or final notice, plaintiffs filed with the city clerk their complaint and objections to the estimated assessment upon their property as made and apportioned by the city engineer and demanded a hearing by the city council sitting as a board of equalization, as they might do under the provisions of section 22, before the passage of any ordinance assessing the cost of the sewer. No formal action seems to have been taken upon plaintiff's objections

and no order was made by the city council either overruling or sustaining them in whole or in part, unless it be that the subsequent passage of an ordinance assessing the cost of the improvement as apportioned by the city engineer is to be held the equivalent of an order overruling such objections. After that ordinance was passed, plaintiffs, unable to obtain any relief before the city council, brought this action in the district court to enjoin the enforcement by collection of the assessment so made, and the court, deeming the assessment void, granted the relief prayed for.

The chief objections to the assessment against their property as set forth in the writing presented by plaintiffs to the city council are that it was made wholly without reference to the value of their property or the benefits accruing thereto by reason of the sewer, which the statute of 1901 makes the basis therefor; that it is arbitrary and unjust and, as between the different sewer subdistricts into which the city was divided for sewer assessment purposes, and as between property owners in the same subdistrict, under like conditions, the assessment as made is grossly unequal and discriminatory. Counsel for the city makes no attempt in argument to uphold the fairness or justify the equality of the assessment. Indeed, it is manifestly unfair and illegal. Counsel therefore assuming, as we do, that the assessment is indefensible, nevertheless contends—and this presents the only question for decision—that because plaintiffs did not make complaint of the assessment in response to the published preliminary notice of an intention to create an improvement district and to authorize the improvement to be made, they may not thereafter be heard to object. We think there is no merit in this position. Before ordering a public improvement the statute makes it the duty of the city

council to enter a preliminary order adopting full details and specifications of the work in conformity with the petition for the same, which order shall also state the matters set out in foregoing subdivision 5, notice of which must be given by the city clerk to the property owners interested, as required by subdivision 6. What, then, is the purpose of this preliminary order and notice? The published notice states to the property owners that it is the intention of the city council at some future time by ordinance to order a public improvement, and the prescribed contents of that notice put them in possession of sufficient details concerning the same to enable them to decide intelligently whether or not they will oppose the creation of an improvement district and the construction of the proposed improvement. The first important step for the council to take is to order the improvement to be made. It was not essential that notice should be given the property holders of such intention in the first instance, because there is no constitutional provision conferring upon them the right to demand it. The purpose in requiring the city council to enter this preliminary order and the city clerk to give the preliminary notice, is to permit persons thereby affected to object, if they see fit, to the proposed improvement being made at all, and to settle, in the inception of the enterprise, the regularity of the preliminary steps antecedent to the passage of the ordinance authorizing the proposed improvement. While both the preliminary order and notice are required to contain the estimated cost of the improvement and the cost per front foot, and while no contract can be let for any amount exceeding the estimate made, this cost is only approximate and not intended to be final. In the nature of things the entire cost of the improvement and the exact amount to be assessed against each property owner, can not

be ascertained until after the contract for the improvement is let and the work finished and accepted. The only respect in which property owners are, by the statute, concluded by failure to file objections or complaints in response to the preliminary notice is that when the council thereafter passes an ordinance authorizing the improvement and therein finds that the same was duly ordered after notice duly given' and that the petition therefor was presented and subscribed by the required number of owners, such finding is made conclusive in every court or other tribunal. Property owners are not estopped, by a failure then to object, thereafter to complain of the basis adopted in making the assessment, or of the cost of the improvement, or of the amounts apportioned to them. Indeed such ascertainments can only be determined when the city council passes the assessing ordinance, which, under the statute, cannot be done until after the work is completed and accepted. This was clearly in the legislative mind and was so expressed in section 20 of the statute which, in no uncertain terms, expressly provides that, when the improvement is finished and accepted, the city engineer shall ascertain the whole cost thereof and prepare a statement showing, among other things, the amount apportioned to each tract of land to be assessed. Carrying out the same thought and intention, section 21 requires the clerk by a proper advertisement to notify the owners thereof and to present their complaints and objections, if any, within a specified time, to the city council, which, sitting as a board of equalization, is required properly to equalize and apportion to the respective tracts or lots of land the amount assessed against them.

This court, in construing similar provisions of the special charter of the city and county of Denver,

has clearly indicated that the conclusion which we have just reached is the right one.

In *City of Denver v. Kennedy,* 33 Colo. 80, at pages 90 and 91, in speaking of the second notice which the charter requires to be given to property owners before the assessing ordinance is passed, it is said that it affords the owners of real estate in the district full opportunity to be heard upon any and all matters affecting their rights. In *City of Denver v. Dumars,* 33 Colo. 94, at pages 100 and 101, in speaking of the preliminary notice, this court said that the hearing accorded owners of property in the district by virtue thereof is not final or conclusive, and that no assessment is made thereunder, and further "opportunity is still afforded the owner to be heard, before the passage of an ordinance finally fixing the assessments on the property in the district." This necessarily means, as the statute now before us makes plain, that, in response to the second or final notice, given after the improvement is finished, an opportunity still is open to the property owners to be heard upon their objections to the assessment before the assessing ordinance is passed. It was also said in this case that the object in making the preliminary order authorizing the improvement and directing that notice thereof shall be given to property owners, is to empower the city council to set at rest the regularity of certain preliminary steps taken by the board in the creation of the district and ordering the improvement. It was also held that this preliminary notice might be dispensed with in the first instance, since the constitution does not make it essential, and the charter, providing, as does the statute here under consideration, the notice which the city clerk must give after the work is completed and before the assessing ordinance is passed, thereby affords the owners full opportunity to be heard.

In *Spalding v. City*, 33 Colo. 172, it was decided that an owner who neglects to avail himself of the opportunity given him both by the preliminary and the second notice to present his objections may not be afterwards permitted to appeal to a court of equity for the relief which he might have obtained before the city council; but this case does not hold, as claimed by counsel for the city here, that neglect to object in response to the preliminary notice, operates as a waiver of the right to object in response to the second or final notice.

It thus appears, not only by the foregoing authorities, but from the unambiguous language of the statute, that property owners, who, in response to the preliminary notice do not object to the creation of an improvement district or the construction of a public improvement, are not concluded by the preliminary order or notice as to the approximate cost thereof or the apportionment to the several tracts of land affected, as set forth in such order or notice, but may thereafter, within the statutory time and in accordance with the statute, in response to the final or second notice given by the city clerk after the completion of the work and before the assessment ordinance is put upon its passage, file, and are entitled to have decided, the objections which they make thereto. If they are not then given a hearing, or if, upon such hearing, the decision is against them, they are entitled to be heard in a court of equity.

The judgment of the district court, conforming to our views, is affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.