[No. 6883.]

Pomroy et al. v. Board of Public Water Works of Pueblo, et al.

1. Constitutional Law—*Special Assessments*—To sustain a special assessment it must appear that a benefit has been occasioned to the premises assessed, equal to the burden imposed. And the benefit must be local in its nature, must specially enhance the value of the premises assessed, must be immediate, and not remote or contingent, and of such character as to be seen, known, and traced.

Bill to restrain the collection of a frontage tax imposed under the provisions of Sec. 9 of the act of 1905 (Laws 1905, 361, Rev. Stat. sec. 6811,) only upon the lots abutting upon the streets of the city through which the distributing pipes were laid. Considering that the main distributing pipes in the street upon which plaintiff's lots fronted were laid by a former proprietor of the works, long prior to the purchase of such works by the municipality, that the service afforded since the purchase was not different and no better than before such purchase, *Held* that no benefit had been conferred by the mere transfer of the works to the municipality, nor in any respect for which such a tax may be imposed; that the expenditure of the tax would not confer upon the lots any special benefit whatever, and that whatever benefits had resulted or would result from the construction and maintenance of the works, enured to all the proprietors of the district proportionately, that therefore the assessment must be condemned as unauthorized. *Held* further that to sustain the frontage tax upon the theory that the proceeds would or might be applied to extinguish the indebtedness for the purchase of the works, would be to impose upon a portion of the proprietors of the district the cost of a purchase for the benefit of all.

*Error to Pueblo District Court.*—Hon. J. E. RIZER, Judge.

Messrs. HARTMAN & BALLREICH, Mr. CHAS. L. AVERY, and Mr. CHAS. W. O'DONNELL, for plaintiffs in error.

Mr. M. J. GALLIGAN, Mr. M. G. SAUNDERS, and Mr. E. F. CHAMBERS, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Under the provisions of an act found in the Session Laws of 1905, at page 361 *et seq.,* Water Works District No. 2 of the City of Pueblo was created. The territory embraced in that district included all that portion of the City lying south of the Arkansas River. The purpose of creating the district was to enable the city to purchase a water works system, for the use and benefit of the inhabitants of the territory included in the water district. After it was created, the city for the object indicated, purchased the water works plant, priorities, and all appliances of the Pueblo Water Company, by the issuance and

delivery of interest bearing bonds which were made a lien upon all the taxable real property of the district, and in effect an obligation of the district only. The company from which the purchase was made had been in existence about twenty-five years, and had laid water mains in certain of the streets, alleys and other public places of the territory embraced in the water district. There are a great many lots and tracts in the district fronting on streets in which water mains are not laid. After the purchase the constituted authorities levied a frontage · tax on certain lots fronting upon streets where the water mains were laid. These mains had been laid and maintained, and water distributed through them, by· the company from which the purchase was made. Plaintiffs, as owners of these lots, brought suit to restrain the collection of this tax. The authority to levy the tax is based upon section 9 of the act, which provides, in substance, that it shall be lawful to levy, annually, an assessment upon each lot or parcel of ground which shall abut on any street in the water district through which the distributing pipes of the water works are, or may be laid'so as to conveniently supply such lots with water, whether water -be used upon such lots or not, which assessment shall be levied at a uniform rate, according to frontage. The proceeds of this tax can be applied in payment of the operating expense and maintenance of the system and the discharge of the bonded indebtedness. The trial resulted in a judgment in favor of the defendants. Plaintiffs have ·brought the case here for review on error.

Counsel for plaintiffs contend the tax is invalid for several reasons, all of which, however, go to the constitutionality of the. act. Their first point is, that section 9 in so far as it authorizes a frontage tax to be levied upon lots on streets where the mains had been laid and maintained and water distributed through such mains by the company, is invalid for the reason that it authorizes the

levy of a special assessment for the purchase of, or to pay for, an already existing water plant.

In other words, they contend that the tax is invalid for the reason that any special benefit which accrued to the lots in question by reason of the water mains being in the streets upon which the lots involved abut, had attached prior to the time the system was purchased by the city, and that it affirmatively appears none of the objects to which the frontage tax may be applied confers any special benefits upon these lots. The section of the act referred to provides that the frontage tax may be applied to defray the operating expense and maintenance of the system, to the payment of interest upon bonds issued to purchase it, and to provide a fund to discharge such bonds at maturity.

A special or local assessment is a burden imposed upon real property for a local public improvement, the extent of the burden being determined by the special benefits which inure to the assessed property as the result of the improvement.—25 Ency. 1168. Assessments of this character are upheld upon the theory that the special benefits inuring to the property assessed are equal to the burden thereby imposed; that is to say, that an improvement to defray the expense of which the proceeds of the special assessments are applied must benefit the property on which the special assessment is levied, in a manner local in its nature, and which does not attach to other property of a like character, and in order to be valid, must specially enhance the value of the property against which such assessment is levied at least equal to the amount so assessed.—*City of Denver v. Kennedy,* 33 Colo. 80, 80 Pac. 122, 467.

One test, then, to apply in order to ascertain the validity of a special assessment, is, whether or not the property upon which it is levied is specially enhanced in value by the improvement or purpose for which the assessment is made. The mains were laid and water

maintained therein in the streets upon which the lots of plaintiffs abut by the company from which the system was purchased. The service afforded since the purchase is no different or better than it was before. Has any special benefit been conferred upon the lots of plaintiffs by the transfer of the water works system, or for any of the purposes for which such tax may be applied? We think this question must be answered in the negative. All the benefits which resulted to the lots involved had attached before the system was purchased. The testimony disclosed, without dispute, that the mere change in ownership has not caused any value to attach to the lots by virtue of the mains being in the streets and the service afforded which did not exist prior to the purchase, and that in no respect has their value been specially enhanced by the purchase of the system, nor will the expenditure of the funds to be realized from the frontage tax for the purposes to which it may be applied confer upon the lots, in the least degree, any special benefits whatever. Counsel for plaintiffs contend that it is the presence of the water mains containing water which imparts a definite value to the lots in front of which such mains are laid, and that a lot has selling value on account of this condition which it would otherwise not have. Conceding this to be true, it cannot avail the plaintiffs. In the respects mentioned the conditions are no different now from what they were before the purchase, neither has the purchase of the system conferred any special benefit on the lots in question. Whatever benefit has or will result to the property embraced in the water district, from this source, inures to all proportionately, including that located on streets where mains have not been placed, and is not limited to that fronting on streets where mains were laid when the purchase was made. In other words, it affirmatively appears that no new or special benefit has accrued to property abutting streets in which mains were laid when the purchase was made, which has not accrued pro-

portionately to all the real property in the district. True, the latter property can enjoy the use of water from such mains more readily and at less expense than lots located more remote from mains, but that was the condition when the purchase was made, so that the purchase by the city, which is the only change in the system that in any manner could affect the property of plaintiffs, has added nothing to the value of their lots.—*Aldridge v. Essex Public Road Board,* 48 N. J. Law 366, 5 Atl. 784; *Speer v. Essex Road Board,* 47 N. J. Law 101.

On behalf of defendants it is contended that if any of the purposes to which the frontage tax may be applied is valid the tax is valid. This is not the test. Authority to levy a special frontage tax can only be upheld on the theory that the property upon which it is levied is specially benefitted by the purposes to which such tax may be applied.

It will be borne in mind that the question of levying upon lots a tax to defray the expense of extending water mains in the future is not involved, but whether so much of the system which is utilized, or may be utilized in the future, necessary to supply the inhabitants of a municipality with water through distributing mains constitutes a general or local improvement. The purchase was not merely the distributing mains. It included pumping machinery, boilers, appliances of various kinds, reservoirs, stand-pipes, a pumping station, lands, charts, registers, and priorities in the Arkansas River from which the water to distribute through the system is obtained. These various items go to make up a system which is utilized to furnish water to those in front of whose lots mains are now laid, and will be so utilized as mains are extended in the future. It is not for the benefit of any particular locality within the district, but for the general benefit of all the property within its limits, and all the inhabitants therein. So much of an improvement as is designated and utilized for the general benefit of the inhabitants and

property within the limits of a municipality is in no sense local; and special assessments to raise funds to construct, purchase, pay for, or maintain that portion of it, cannot be lawfully levied.—*Hughes v. City of Momence,* 164 Ill. 16, 45 N. E. 302; *Village of Morgan Park v. Wiswall,* 155 Ill. 262, 40 N. E. 611; *Hewes v. Glos,* 170 Ill. 436, 48 N. E. 922; 28 Cyc. 1115.

The necessity for applying this rule to the case at bar is obvious. The special frontage tax can be applied to the payment of interest and the principal of the bonded indebtedness. This indebtedness by the terms of the bonds is made a lien upon all the taxable real property in the district, and not of the abutting property. Owners of lots fronting on streets in which mains are not laid escape this tax. When the bonded indebtedness is discharged a frontage tax to meet it will no longer be required, and lots fronting on streets in which mains may thereafter be extended will not be burdened with such tax to pay for the system; and yet they will enjoy all the benefits resulting from the system having been paid for, in whole or in part, by the frontage tax upon other lots without having contributed anything for that purpose in the way of a frontage tax. This result demonstrates beyond question that so much of the system as is now or will be utilized in the future for furnishing water for the benefit of the inhabitants and property of the district is not a local improvement, and that all taxable real property in the district must bear its proportionate share of the amount necessary to liquidate the indebtedness incurred for such part of the system. Otherwise, if the frontage tax should be held valid, a tax would be imposed upon part of the property of the district to pay for an improvement which is for the benefit of all of the property and inhabitants in the district.

Special benefits which will sustain a special assessment must be immediate, and of such a character that

they can be seen and traced. Remote or contingent bene-
fits enjoyed by the general public will not sustain a special
assessment.—25 Ency. 1195.

To enforce a special assessment for a purpose which
does not confer a special benefit upon the property upon
which it is levied would result in taking private property
without compensation, and without due process of law.

Having reached the conclusion that the frontage tax
is invalid, for the reasons given, it is unnecessary to con-
sider the other questions urged against the constitu-
tionality of the act.

The judgment of the district court is reversed and the
cause remanded for further proceedings in accordance
with the views expressed in this opinion.

*Reversed and Remanded.*

Decision *en banc.*

Mr. JUSTICE HILL dissents.

Mr. JUSTICE WHITE .not participating.