## No. 12,286.

SANTA FE LAND IMPROVEMENT COMPANY ET AL. *v.* CITY
AND COUNTY OF DENVER ET AL.

(2 P. [2d] 238)

Decided May 11, 1931. Rehearing denied August 10, 1931.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, for plaintiffs in error.

Mr. THOMAS H. GIBSON, Mr. GEORGE HETHERINGTON, Mr. CHARLES H. HAINES, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE Santa Fe Land Improvement Company, a corporation, together with forty-six other landowners in Part C, of Sub-district No. 18, of the West and South Side Sanitary Sewer District, hereinafter referred to as District 18-C, brought an action in the district court against the City and County of Denver, and certain of its officers, to have certain special assessments declared invalid; to enjoin and restrain the collection thereof, and to quiet title as against the same. A general demurrer, incorporated in the answer as a first defense, was sustained; the plaintiffs elected to stand on their complaint, and the action was dismissed with judgment for the defendants for their costs. The plaintiffs prosecute this writ, assigning as error the action of the trial court in sustaining the demurrer, and entering judgment.

The complaint alleged: The corporate existence of some of the plaintiffs as well as the City and County of Denver; the names and capacity of those officials charged with duties respecting the collection of special assessments; each of the plaintiffs was the owner of realty within the territorial limits of District 18-C, and directly affected by special assessments levied against the property therein; the creation and establishment of District 18-C by ordinance of the City and County of Denver, and the approval of the city council of the sanitary sewers to be constructed therein; the construction of the sewers and notice thereof, given and published by the clerk, of the completion of said project, and that the cost thereof

amounted to $38,106.25, which sum, apportioned among the different regular lots in the district, amounted to $34.19 per regular lot; in the published notice a time and place was fixed for hearing and determining all written objections to the special assessment, if the filing of the same was timely; each of the plaintiffs filed a written objection to the special assessment, setting forth, among other reasons, that the objector's property had been, and was being, adequately served with a sanitary sewer long prior to the construction by the defendant of the one in District 18-C, and the sanitary sewer for which special assessment was, or was to be, levied against the property of the objector was of no service or benefit to objector's realty; at the time and place fixed for hearing and determination of objections, the council, sitting as a board of equalization, refused to hear and determine the written objections upon their merits, but summarily denied each objection upon the ground that the board was powerless to alter or change the apportionment which had been fixed, and that the board must adopt the area basis in determining and fixing special assessments, irrespective and independent of the benefits; the city council thereafter, by ordinance, assessed the realty of each of the objectors upon the basis of $34.19 per regular lot; the special assessments are unpaid and stand of record as a lien against the property of each of the plaintiffs; the special assessment against the property of these plaintiffs is wholly void and illegal because the sewer is of no benefit whatever to the plaintiffs' property, and adds no new service, and no hearing on protests was ever allowed or granted these plaintiffs, and that the City and County of Denver is attempting to deprive plaintiffs of their property through special assessments which are not based upon special benefits.

The sole question presented for our determination is the sufficiency of the complaint. The allegations of the complaint, the truth thereof being admitted by demurrer, are that plaintiffs' property is not benefited in the

slightest degree by the construction of the sewer in District 18-C, for the cost of constructing which, if the assessments are valid, plaintiffs' property is being taken under the guise of special assessment. As we understand defendants' position here, it is that the city charter (section 60, art. III, Charter of the City and County of Denver) provides that the cost of constructing sewers and laterals thereto, in all regularly organized sewer districts, of which this is conceded to be one, shall be apportioned as the area of each lot or piece of land in the district is to the area of all the real estate therein, and this, irrespective of the benefits; or that this method of assessment according to area is a legislative determination that the benefits exceed the assessments, and this determination is conclusive upon all; that the city council, sitting as a board of equalization, is bound by this provision of the charter, and must make its determination irrespective of benefits.

In the instant case, the council, as the legislative department of the city government, determined that the sewer district should be created and established. This was clearly a matter concerning which plaintiffs could not complain. When the cost of constructing the sewer was ascertained, and written objections and complaint thereto were made, the council, sitting as a board of equalization, informed the plaintiffs that their complaints and objections as to the amount of the assessments could not be considered by the board, because, irrespective of benefits, the charter provisions for assessment according to area controlled. If the board of equalization was powerless to consider the amount of the assessment, as fixed on the area basis without regard to benefits, then the plaintiffs had no hearing or right thereto under the charter provisions; if the board could and should have heard the plaintiffs on the amount of the special assessment, with reference to benefits, then the board's refusal so to do amounted to no hearing upon the only question presented by the written complaints and

objections. If the position of the city is correct, then no purpose whatever can be accomplished by affording the property owners a hearing on their written objections and complaints to the amount of the assessment, for the ascertainment of it is purely mathematical and clerical; although in this instance admittedly arbitrarily made without reference whatever to any benefits.

 Special assessments for local improvements are authorized and permitted upon the theory that the property against which they are levied derives some special, immediate, and peculiar benefit by reason of the improvement, other, in addition to, and different from that enjoyed by other property in the community outside of the district in which the improvement is made; in other words, that the local improvement generally and peculiarly enhances the value of the property against which the assessment is levied, to an amount equal to, if not in excess of, the amount of the special assessment. 1 Cooley on Taxation (4th Ed.) §31; 4 Dillon's Municipal Corporations (5th Ed.) §1430; 5 McQuillin's Municipal Corporations (2d Ed.) §2166; Page and Jones' Taxation by Assessment, §§11, 651; Tiedeman on Municipal Corporations, §259a; 2 Smith's Modern Law of Municipal Corporations, §1228a; Gray's Limitation of Taxing Power, etc., §1839; Judson on Taxation, §355; 2 Desty on Taxation, p. 1234, §177; Ess's Power of Special Taxation, page 131; Hamilton's Law of Special Assessments, §§3, 54, 212-239, 471-477; 44 C. J. 483; 25 R. C. L. 79; 25 A. & E. Enc. of Law (2d Ed.) pages 1169, 1194, et seq.

 From a careful reading and consideration of many of the textbooks on the subject, as well as all of the decisions of this court and those of many other states, we arrived at the conclusion that, irrespective of the method of apportionment, all special assessments are fundamentally and basically founded upon special benefits, without which they cannot stand. When it is properly determined that a special benefit will result from a local improvement, any method of apportionment is

valid, so long as the amount thereof does not exceed the value of that special benefit. It is clear to us that this is the reasonable intent, construction and purpose of section 20 of the Charter of the City and County of Denver, 1927 compilation, to which reference is hereinafter made. The Colorado cases which so limit the power of legislative bodies in levying special assessments are: *City of Pueblo v. Robinson,* 12 Colo. 593, 599, 21 Pac. 899; *Denver v. Knowles,* 17 Colo. 204, 208, 209, 212, 30 Pac. 1041; *Highlands v. Johnson,* 24 Colo. 371, 377, 51 Pac. 1004; *Denver v. Kennedy,* 33 Colo. 80, 84, 86-90, 80 Pac. 122; *Denver v. Dumars,* 33 Colo. 94, 97-98, 80 Pac. 114; *Denver v. Londoner,* 33 Colo. 104, 113, 116, 80 Pac. 117; *Spalding v. Denver,* 33 Colo. 172, 177-178, 80 Pac. 126; *Pueblo v. Colo. Realty Co.,* 44 Colo. 590, 595, 99 Pac. 318; *Hildreth v. Longmont,* 47 Colo. 79, 96, 97, 99, 102, 105 Pac. 107; *Denver v. State Co.,* 49 Colo. 244, 246, 251, 253, 112 Pac. 789; *Pomroy v. Pueblo,* 55 Colo. 476, 479, 481, 482, 483, 136 Pac. 78; *Phipps v. Denver,* 57 Colo. 205, 214, 215, 140 Pac. 797; *Denver v. Tihen,* 77 Colo. 212, 215, 235 Pac. 777; *Watson v. Fort Collins,* 86 Colo. 305-311, 281 Pac. 355.

In *Pomroy v. Pueblo,* 55 Colo. 476, 479, 136 Pac. 78, in speaking generally of the law of special assessments to defray the cost of local improvements, this court, speaking through Mr. Justice Gabbert, said:

"A special or local assessment is a burden imposed upon real property for a local public improvement, the extent of the burden being determined by the special benefits which inure to the assessed property as the result of the improvement. 25 Ency. 1168. Assessments of this character are upheld upon the theory that the special benefits inuring to the property assessed are equal to the burden thereby imposed; that is to say, that an improvement to defray the expense of which the proceeds of the special assessments are applied must benefit the property on which the special assessment is levied, in a manner local in its nature, and which does not attach

to other property of a like character, and in order to be valid, must specially enhance the value of the property against which such assessment is levied at least equal to the amount so assessed. *City of Denver v. Kennedy,* 33 Colo. 80, 80 Pac. 122, 467.''

* * *

"To enforce a special assessment for a purpose which does not confer a special benefit upon the property upon which it is levied would result in taking property without compensation, and without due process of law.'' Id. 483. ▉ Special assessments for local improvement, when once fixed and determined by the legislative body, are prima facie valid, and it must be presumed that the action of the city council was legal and regular, but, when the allegation is made that no service or benefit whatever results to the property of the plaintiffs by reason of the construction of this local improvement, and this fact is admitted by demurrer, the plaintiffs have expressed a willingness to assume the burden of overcoming the presumption of the regularity and legality of the special assessment, and cannot be foreclosed of this right by the defendant city. If it be shown that a special assessment is levied without right or authority; that it is unreasonable and unjust; that it produces manifest inequality, or that it is the result of fraud, the court will grant proper relief. This statement finds support in every Colorado case where the subject has been discussed, and results in safeguarding property owners in the enjoyment of their constitutional right, that they shall not be deprived of their property without compensation.

The charter of the City and County of Denver, 1927, section 20, authorizes the defendant city to contract for and make local improvements, and assess the cost thereof wholly or in part upon the property specially benefited. This is equivalent to denying the city the right to make local improvements where they do not specially benefit the property which is to be assessed with the cost thereof. Section 60 of the charter provides for the

method of levying assessment for the payment for construction of local sewers and laterals thereto, and section 63 provides that the construction of sewers shall be discretionary with the city council, with no right of remonstrance by the property owners; section 31 provides for the publication of notice of the total or partial completion of the improvement; the amount apportioned to each lot or tract of land within the boundaries of the district, and also that written complaints and objections, if any, are to be filed within a designated time, and that such complaints and objections will be heard and determined by the city council at a fixed time and place. Section 32 provides that the city council, sitting as a board of equalization, shall ''hear and determine all such complaints and objections, and may confirm the apportionment or make any modification which may seem equitable and just. After a consideration of all the objections to the apportionment, if any change in the apportionment shall be made by the council, it shall certify such change to the commissioner of public improvements, * * *.''

A full discussion of hearings, the necessity therefor, and the extent as well as the object and purpose thereof, in view of the charter provisions under consideration herein may be found in *Londoner v. Denver*, 210 U. S. 373, 385-386, 28 Sup. Ct. 708; *Denver v. Kennedy*, 33 Colo. 80, 91, 80 Pac. 122; *Denver v. State Investment Co.*, 49 Colo. 244, et seq., 112 Pac. 789. In view of a similar provision in the state statute, see *Pueblo v. Realty Co.*, 44 Colo. 590, 599, 99 Pac. 318; *Ellis v. La Salle*, 72 Colo. 244, 247, 211 Pac. 104.

In the instant case, according to the allegations of the complaint, the plaintiffs were wrongfully denied a hearing, because the board of equalization held that the charter provisions required the cost of the special improvement to be apportioned according as the area of each lot or tract bore to the entire area of the improvement district, and this, without reference whatsoever to any special benefits accruing, consequently the board of

equalization disclaimed any right, authority, or power to consider the question of special benefits. This was an erroneous assumption, and a wholly incorrect conclusion. If it were correct, the board would be powerless to hear and determine objections; the apportionment of cost being merely mathematical, and the protection of the constitutional provision for due process of law would be denied. Such construction would be contrary to our decisions and those of the Supreme Court of the United States.

The complaint stated a cause of action; it was error to sustain the demurrer thereto, and the judgment is reversed and the cause remanded with instructions to proceed in conformity with the law announced herein.

Judgment reversed.