No. 14,338.

FREDERICKSEN ET AL. *v.* CITY AND COUNTY OF DENVER ET AL.
(81 P. [2d] 378)

Decided June 27, 1938. Rehearing denied July 11, 1938.

Mr. HARRY S. CLASS, for plaintiffs in error.

Mr. MALCOLM LINDSEY, Mr. FRANK L. HAYES, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFFS in error, as plaintiffs in the trial court, for themselves as citizens and taxpayers within "Street Improvement District No. 153" in the City and County of Denver, and for all others similarly situated, instituted this action November 13, 1937, to have all proceedings had by certain officials of the City and County of Denver, who are defendants in error, relative to the establishment of said improvement district, declared unconstitutional and void, and to enjoin any future action concerning the same by said officials. Defendants in error filed a general demurrer to plaintiffs' complaint which was sustained on January 20, 1938, and the complaint dismissed. Upon plaintiffs' election to stand upon their complaint, judgment of dismissal was entered, to reverse which this writ of error is prosecuted upon an agreed record. Reference will be made to the parties as plaintiffs and defendants.

Plaintiffs contend that the demurrer was erroneously sustained because their complaint stated a cause of action in this, that by its allegations it was shown that the manager of improvements was without jurisdiction to proceed with the establishment of the district, and further, that the complaint alleged that the plan of assessment would result in a tax levy in excess of the charter allowance and be confiscatory of plaintiffs' property. If these facts are well pleaded, they were admitted by the demurrer, and thus the question which is determinative of this action, is presented. Either the question of the lack of jurisdiction, or excessive and confiscatory assessment, provides a cause of action which may be presented and determined in equity, if an adequate remedy at law is not available.

The "Notice of a Proposition to establish Street Improvement District No. 153"; states that the improve-

ments will consist of grading the streets, construction of a combination concrete curb and gutter, the placing of bituminous bound surfacing on the roadways, construction of necessary drains and the making of other incidental improvements. In the record, as Exhibit J, is an undated and unverified form of petition for the improvement district. Plaintiffs attack the sufficiency of this petition, which question will later be discussed. The petition states that the proposed improvement is to be by "grading, combination concrete curb and gutter, oil bound surfacing * * *." There is nothing on the photostat copy of the petition to indicate any date of its presentment or filing. However, it may be assumed that it was before the manager of improvements and parks at the time of his preparation and publishing of the notice of a proposition to establish the district. There is a wide divergence in the contentions of the parties hereto, as to the exact nature of a part of the improvement as to whether or not it is a "paving proposal." Plaintiffs contend that it is, while defendants insist that it is not, seeming to classify that part of the improvement as a "street surfacing project." Disposition of some of the questions raised by plaintiffs rests upon a determination of this disputed question which seems to be one of fact. This becomes necessary owing to the provisions of the charter of the City and County of Denver governing such matters which make a distinction as to the manner in which a proposal for a paving improvement is to be initiated. It is apparent that the contention between the parties on this question arises from the following to be found in section 272 of the Municipal Code, relating to charter provisions, "the term 'paving' wherever used in this charter shall include macadamizing."

There seems to be no dispute as to the size of the proposed district in that it includes more than 12 blocks of street. Plaintiffs claim that the district includes 70 blocks and such claim is not disputed. In view of the fact that the charter provides, "That *except on petition,* no paving

district shall include more than twelve blocks of a street with intersections," if this is a paving district improvement, then the matter of the sufficiency of the petition which was before the manager of improvements and parks, becomes an important question. It also is made clear by a portion of paragraph 3, section 22 of the charter of the City and County of Denver relating to local and public improvements, that the manager of improvements cannot, unless petitioned, authorize the establishment of a "paving" district "if the amount to be assessed therefor, upon any piece of real estate, shall exceed one-half its valuation for assessment for general taxes for the year preceding the proposed order; * * *."

The contention of the city seems to be that, under the circumstances of this case, it not being a "paving district," no petition was necessary. This contention is in keeping with section 22 of the charter, supra, and seems to apply to which may be the procedure for establishing paving districts other than where the exceptions or provisos above mentioned prevail. The city further contends that if a petition was required, the one here in question and before the manager of improvements, must now be held to be sufficient because of the fact that its sufficiency had been determined by the findings of the city council in the passage of its ordinance, namely: That the proposed improvements were duly ordered after notice given; that a petition was filed; that the same was subscribed and acknowledged by the required number of property owners, and it argues that such finding is "conclusive in every court or other tribunal," under the provisions of paragraph 9 of article 22, supra, of the city charter.

Without attempting to determine whether or not the proposed district is a "paving district," and without determining other questions presented by the arguments or passing upon the sufficiency of the petition, Exhibit J, we are inclined to the view that these are largely questions of fact, and that they were sufficiently presented by

the complaint, which states a cause of action. The demurrer to the complaint was erroneously sustained.

Judgment therefore is reversed and the cause remanded with instructions to overrule the demurrer, reinstate the complaint, and for such further proceedings as will be in harmony with the views herein expressed.

MR. JUSTICE KNOUS dissents.

MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK not participating.

MR. JUSTICE KNOUS, dissenting.

I am unable to concur in the conclusion of the majority of the court. It is my belief that the majority opinion discloses a misconception of the position and contention of the city of Denver. As I understand, the city does not assert that a petition was not necessary to initiate the improvement herein involved; neither do I apprehend that there is any controversy, factual or legal, with reference to the character of this district as being a paving district, or otherwise. As its principal contention, the city asserts that the manager of improvements and parks, in the first instance, and the city council, secondly, have the right and authority to pass upon the sufficiency of the petition, and that their findings in this respect are final and conclusive.

Subdivision 9 of section 22 of the charter provides as follows: "The finding of the council by ordinance, that any improvements provided for in this article were duly ordered after notice duly given, or that a petition or remonstrance was, or was not filed, or was or was not duly subscribed and acknowledged by the required number of owners, as in this article provided, shall be conclusive in every court or other tribunal."

Under this provision of the charter, a determination by the Denver council of the question of the legal sufficiency of a remonstrance was accorded a conclusive and final effect in the case of *Londoner v. Denver,* 52 Colo. 15, 31,

119 Pac. 156. The court, in this connection, said: "The people of the municipality, having full and unrestricted power over the matters involved, vested in the city council the power to pass upon and make conclusive findings as to the existence or non-existence of certain things which might have been dispensed with entirely by the legislative power. Nor did such people see fit to provide any mode of review of the acts of that tribunal, but declared that its findings thereon 'shall be conclusive in every court or other tribunal.' We think the jurisdiction conferred upon the park commission, in the first instance, and in the city council finally, to pass upon and determine the existence or non-existence of the alleged jurisdictional facts, is absolute and exclusive."

It seems to me the Londoner case is decisive of this question, and that of necessity under that authority the position of the city should be sustained. The majority opinion would seem to be more in accord with the dissenting opinion of Mr. Justice Gabbert in the Londoner case, supra.

Further, and as a corollary to the proposition last discussed, the city claims the plaintiffs in error are precluded from maintaining this action, because they did not exhaust the legal and administrative remedies provided by the charter with respect to the sufficiency of the petition. It seems certain from the charter provisions, even if the question of the conclusiveness of determination is not considered, that the manager of improvements and parks and the council, in that order, are given the power to pass upon the sufficiency of the petition. In the case at bar, no such opportunity was accorded either tribunal. The plaintiffs in error, pursuant to the usual preliminary notice given by the manager of improvements and parks before a special improvement is ordered, protested against the authorization upon the basis of the expense involved and the character of the improvements contemplated; but at no time, before either the manager of improvements and

parks, or the city council, did they object in any form or manner to the sufficiency of the petition. It would seem elementary that under these circumstances plaintiffs in error should not be permitted to rush into a court of equity and, on the ground of some alleged procedural defect in proceedings before administrative bodies having full power to grant remedial relief, object to the proposed improvement without even having raised the question there. Neither is it proper, in my opinion, to inject in this proceeding any question as to the proposed plan of assessment. There are no allegations in the complaint, as I read it, which indicate, even prima facie, that the proposed plan of assessment is illegal or that it violates the principles announced in *Santa Fe Co. v. Denver,* 89 Colo. 309, 2 P. (2d) 238; *Farncomb v. Denver,* 64 Colo. 13, 171 Pac. 66, and *Spalding v. Denver,* 33 Colo. 172, 80 Pac. 126. Likewise, it appears to me that plaintiffs in error have a plain, speedy and adequate remedy at law with respect to the assessment matter, as under the charter they are accorded the legal right of appearing before the city council—sitting as a board of equalization—and having a full and complete hearing upon any complaints and objections which they might have to present. Until this administrative remedy is exhausted, no recourse can be had to a court of equity with respect to the assessment. This court said in *Spalding v. Denver, supra:* ''Before parties aggrieved by an assessment levied under a fixed rule which appears to be reasonable and likely to proximate an equality of assessments, can appeal to a court of equity to relieve them from an alleged excess, or because their property was not, in fact, benefited, they must at least first apply for such relief to the special tribunal which the law has provided to settle these questions. The plaintiffs never attempted to raise any of these questions before the city authorities, and are, therefore, not in a position to litigate them in a court of equity.''

In the light of the provision of the Denver charter and

the decisions of this court mentioned, it is my conviction that the conclusion reached by the majority is a departure from the well-established rule in this jurisdiction.