## No. 14,712.

FREDERICKSEN ET AL. *v.* CITY AND COUNTY
OF DENVER ET AL.
(115 P. [2d] 643)

Decided June 30, 1941.   Rehearing denied July 28, 1941.

Mr. HARRY S. CLASS, Mr. RICHARD DOWNING, Mr. WAR-
WICK M. DOWNING, for plaintiffs in error.

Mr. MALCOLM LINDSEY, Mr. FRANK L. HAYS, Mr. GUY
K. BREWSTER, Mr. HAYES R. HINDRY, for defendants in
error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court and are hereinafter referred to as there.

This was an action to enjoin all further proceedings in re the establishment of Improvement District No. 153 in said city, or permit their continuance only on certain conditions, and to hold steps already taken, and the proposed assessments in payment of the project, void because unconstitutional. A general demurrer to the complaint having been sustained, plaintiffs elected to stand, and to review the judgment thereupon entered against them they brought error. We reversed that judgment, holding the facts alleged sufficient to require answer. That opinion should be read in connection with this. *Fredericksen v. City and County of Denver,* 102 Colo. 508, 81 P. (2d) 378. Thereupon defendants answered, motions to strike and demurrers were filed and overruled, and plaintiffs replied. Findings were for defendants and judgment entered dismissing the bill. To review that judgment plaintiffs prosecute this writ.

About three weeks after the filing of plaintiffs' reply brief here defendants filed their plea in bar based upon intervening proceedings. Therefrom it appears that the city engineer advised the manager of improvements in writing of the cost of the proposed improvement and the amount of each of the several items comprising it; that said manager thereupon entered his order reciting that construction had been completed and accepted, and that the statement of cost and its apportionment to each tract, specifically set forth, was correct; that the manager transmitted to the clerk the form of legal notice to be published; that the clerk caused the same to be published as by law provided; that plaintiffs filed with the city council their written protest; that the clerk transmitted to the manager a notice of the filing thereof; that the council, sitting as a board of equaliza-

tion at the time and place provided by law, at which meeting plaintiffs did not appear, overruled said protest; that the manager transmitted to the city council a proposed ordinance assessing the cost of the improvement; that said ordinance was passed; that said protest alleged that the proposed assessment was not proportionate to the benefits; that the improvement was a pavement; that in all cases the assessment exceeded more than half of the valuation and bore no true relation to the benefits; that the manager and council were without jurisdiction; and that the assessment would work a confiscation of plaintiffs' property. It was asserted in the plea that by reason of all the foregoing and under the provisions of the city charter (set forth verbatim) plaintiffs had been afforded a plain, speedy, and adequate remedy at law by appearing before the city council, which they did not do, and hence are barred from further asserting and litigating their claims of excessive assessments and confiscation. The plea was followed by answer and reply, but none of its allegations material to the relief sought are controverted.

We think the plea must be sustained and that the established law in this jurisdiction, as evidenced by the following authorities, permits no other disposition. *Denver v. Dumars,* 33 Colo. 94, 80 Pac. 114; *Denver v. Londoner,* 33 Colo. 104, 80 Pac. 117; *Denver v. Kennedy,* 33 Colo. 80, 80 Pac. 122; *Hildreth v. Longmont,* 47 Colo. 79, 105 Pac. 107; *Santa Fe Co. v. Denver,* 89 Colo. 309, 316, 2 P. (2d) 238.

This action was brought to enjoin "all further proceedings," which it is admitted have now been completed, hence there is nothing to enjoin. No legal objections existed at the time against such proceedings and plaintiffs, by delaying the docketing of this case here for almost a year, voluntarily forfeited their right, if such they had, to forestall the completion thereof by proper order entered in this court or by final judgment here on the merits. True, our rules gave them one year to

prosecute this writ, but they took the full time at their peril. *Londoner v. Denver,* 52 Colo. 15, 36, 37, 119 Pac. 156. It seems not inappropriate here to add that plaintiffs in their attack upon the plea say that they have been directed by a number of property owners in the district to file a complaint in the district court of the City and County of Denver attacking the proceedings and the legality of the assessment, and this it further appears they have done, and that that cause is now pending. Such a course can only be justified on the assumption that the plea is good, and it would appear that if they have any rights they can be heard and those rights adjudicated in that cause.

The plea is accordingly sustained and the writ dismissed at plaintiffs' costs.

MR. CHIEF JUSTICE FRANCIS E. BOUCK not participating.