No. 15,366.

HANEBUTH, CHIEF OF POLICE ET AL. *v.* SCOTT.
(142 P. [2d] 1008)

Decided October 11, 1943. Rehearing denied November 15, 1943.

444

 

Mr. MALCOLM LINDSEY, Mr. FRANK L. HAYS, for plaintiffs in error.

Mr. BYRON G. ROGERS, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error, hereinafter referred to as plaintiff, or by name, was a patrolman under civil service in the police department of Denver. As such, and as a taxpayer and citizen, he brought this action against plaintiffs in error in their' official capacity as appears in the title hereof. We refer to them as the chief and the manager, respectively.

Scott received notice from the manager of a hearing before the latter to determine whether the patrolman's position should be declared vacant because of his absence without leave. Thereupon he sought injunctive relief and had judgment herein. To review that judgment the chief and manager prosecute this writ and ask that it be made a supersedeas. We elect to finally dispose of the cause on that application.

Plaintiffs in error demand reversal on four grounds. Of these but two require consideration: 1. Scott had a

plain, speedy and adequate remedy at law; 2. his military service did not entitle him to injunction.

Scott, forty-two years of age and not subject to draft, secured from the manager an indefinite leave. Such leave, however, required the approval of the Civil Service Commission and the commission refused to approve. Thereupon the chief filed with the manager a complaint against Scott charging absence from duty without the requisite permission. The manager set the hearing thereon for April 15th and as required so notified Scott. The latter brought the present action April 10, and it was tried below April 15, at which time, and for one week preceding that date, Scott was in Denver.

1. If Scott's absence was not justified by his military service it was a constructive resignation under section 24 of rule 17 of the Rules of the Police Department, and if discharged he had an appeal to the Civil Service Commission under section 238 of the Denver charter. Thus he had the asserted remedy at law and was bound to pursue it before resorting to injunction. *Fredericksen v. Denver,* 108 Colo. 286, 115 Pac. 643; *Alexander v. State Personnel Board* (Cal. App.), 124 P. (2d) 338; *Abelleira v. Dist. Ct. of Appeal,* 17 Cal. (2d) 280, 109 P. (2d) 942.

2. Scott, however, claims the benefit of section 521, 50 U.S.C.A., which provides that one in the military service who is involved in litigation "in any court" shall be entitled to a stay "unless, in the opinion of the court," his ability to participate "is not materially affected by reason of his military service." Here, however, the hearing set before the manager was not "in any court." Assuming nevertheless that the phrase covers such a hearing, Scott made no such claim before the manager, nor did he give the manager an opportunity to so hold on his own motion. Again, had such claim been interposed, no ground to sustain it is even suggested by the record. Scott was in the city, apparently able to attend the trial of this cause and equally

able to have attended the hearing before the manager set for the same day. If his personal presence was not essential in the former it was presumably not essential in the latter.

Counsel admit the proceeding before the manager was not "in any court," hence the federal statute was not there applicable. They say, however, that the controversy could have eventually reached the district court and the stay would there have been granted, hence the court could, and presumably should and would have done what it did do by injunction before the cause reached it. The argument is wholly fallacious. Courts can not anticipate disputes and decide in advance those issues they may suspect will be raised. If Scott was entitled to retain his place the presumption is that the manager would have so ruled. If not the presumption is that the Civil Service Commission would, on appeal to it, have corrected the error of the manager. If not the district court was still open to Scott and the presumption is that if a hearing in that tribunal was disadvantageous to him the court would have stayed the proceedings and by proper order have protected his interest.

Simplified, the situation disclosed by this record is this: Scott, holding a civil service position in the Denver police department, and wholly free from any immediate or prospective compulsion to enter the military service, elected voluntarily to do so and was inducted on February 1. He thereupon demands that he receive an indefinite leave of absence and his place be retained for him until his return. With full opportunity to justify his claim before the manager, with a definite right to review by the Civil Service Commission, and with the path open to him from there to the courts, he elected to waive all rights before the administrative officers and seek in the first instance to forbid them to function by writ of injunction. We conclude that not only has he failed to produce statute, rule or decision authorizing

his course, but that all those brought to our attention are very definitely against him in letter and in spirit.

The judgment is reversed and the cause remanded with directions to dismiss at plaintiff's costs.

MR. JUSTICE KNOUS dissents.

Mr. MALCOLM LINDSEY, Mr. FRANK L. HAYS, for plaintiffs in error.

Mr. BYRON G. ROGERS, for defendant in error.

*En Banc.*