No. 16,035.

STATE OF COLORADO ACTING BY AND THROUGH THE STATE BOARD OF LAND COMMISSIONERS *v.* HARRAH ET AL.
(196 P. [2d] 256)

Decided July 19, 1948.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. GEORGE K. THOMAS, Assistant, for the State.

Mr. F. E. DICKERSON, Mr. WILLIAM F. DWYER, for defendant in error Harrah.

*In Department.*

Mr. Justice Stone delivered the opinion of the court.

This case comes before us on motion of the Attorney General for advancement on the docket. In examining the record to that end, we find that no final judgment has been rendered and no determination of the issues made by the trial court, and that the sole question here presented for review is the propriety of an order of the trial court denying a motion for summary judgment interposed by the Attorney General in behalf of the state of Colorado, as plaintiff, after answer filed in behalf of defendant. It further appears that subsequent to the denial of the motion, review of which is here sought, the Attorney General in behalf of the state of Colorado filed a further pleading as well as a motion in the trial court to have the case set for trial therein, which motion still stands without disposition.

■ ■ Defendant in error, Harrah, although not filing a separate motion for dismissal of the writ of error herein, urges in his brief, that it should be dismissed. It is elementary that other than to orders of the kinds specifically enumerated in rule 111 R.C.P., a writ of error here lies only to a final judgment, and that questions with respect to other interlocutory orders may be presented only on review of the final judgment. We said in *Boxwell v. Greeley Union National Bank,* 89 Colo. 574, 5 P. (2d) 868: "Doubtless it may be true that both parties upon this review desire to have this court determine the propriety of the order of the district court dismissing the action as against the bank. Under the almost unbroken line of decisions we cannot with propriety do so, because the order or judgment, which the plaintiff in error has brought up for review, is not a final judgment, but interlocutory, to which neither an appeal nor writ of error lies unless some statute expressly authorizes it, and we have no such permissive

statute in this state." The order denying motion for summary judgment is interlocutory and not subject to review. The federal court has specifically so held. *Jones v. St. Paul Fire & Marine Ins. Co.*, 108 F. (2d) 123.

Accordingly the writ of error is dismissed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HAYS concur.