No. 17,005.

GRAY *v.* BLAKE.
(262 P. [2d] 741)

Decided October 26, 1953.

Mr. BERTON T. GOBBLE, for plaintiff in error.

Mr. GEORGE A. EPPERSON, Mr. DONALD F. McCLARY, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

C. A. GRAY, plaintiff in error, a real-estate broker, was defeated in a trial by jury in his action against James Blake, defendant in error, for a commission he claimed to have earned in securing a purchaser for certain real estate. To reverse the judgment against him, he has sued out a writ of error. We will refer to the parties by name, or as they appeared in the trial court.

James Blake and his wife were owners in joint tenancy of ranch property. He listed the property with plaintiff for sale originally in 1949 and again in 1950. In March, 1951 Gray's representative submitted to James Blake a document entitled "Agreement to Purchase Real Estate," which was an offer on the part of one Kincheloe to buy the Blake property for eighteen dollars per acre, Blake to reserve one-half of the oil and mineral rights connected with his ranch, all in accordance with a signed listing made by Blake, who later in writing approved the contract submitted to him and accepted Kincheloe's check in the sum of one thousand dollars. The check never was cashed. Abstracts of title were delivered, and according to Gray's evidence the first time he or his representative knew that Mrs. Blake was a joint owner of

the property was when the abstracts were examined. The wife knew that the property had been listed with plaintiff for sale, and on one or more occasions showed it to prospective purchasers produced by plaintiff. She disclaimed knowledge of the price at which it was to be sold.

Mrs. Blake did not sign the contract. Within the time limited thereby, Kincheloe tendered in cash the balance of the purchase price to Blake and demanded a deed signed by both Mr. and Mrs. Blake. Mrs. Blake refused to sign the deed, giving as her reason that it was too late in the year and the price was too low. Gray then filed his action against James Blake to recover his commission.

Counsel for plaintiff argues that the trial court erred in overruling his motion for summary judgment "based upon the pleadings, depositions and admissions on file" asserting that "no genuine issue as to any material fact" existed, and that "plaintiff is entitled to a judgment as a matter of law."

Nowhere in plaintiff's brief, or in the record before us, do any depositions appear, and the only admissions are those in the pleadings. Counsel for plaintiff in error states that the depositions contained "essentially the facts set forth in the transcript of testimony." We do not consider this point for the obvious reason that nothing appears before us to show no genuine issue of fact existed. We repeat what has so often been said, that except where there is no genuine issue as to any material fact, a motion for summary judgment is properly overruled. *Hatfield v. Barnes,* 115 Colo. 30, 168 P. (2d) 552.

From our examination of the record it appears that a material issue of fact was presented, and the trial court did not err in denying the motion for summary judgment interposed by counsel for plaintiff.

Counsel urges as another point for reversal the giving of the following instruction, to which timely objection was made:

## No. 7

"The agreement attached to the complaint and marked Exhibit 'A' is not a contract of sale such as creates an obligation on the part of the defendant to sell or the *plaintiff* to buy, but is merely an option giving the right to purchase within a limited time without imposing any obligation to purchase." (Emphasis supplied).

We pass over the patent error in the instruction where the court refers to "plaintiff," obviously meaning Kincheloe.

When Kincheloe made his offer to buy on terms agreeable to Blake and the latter in writing approved and accepted the contract, together with the one thousand dollar check, it still remained for Kincheloe to make payment of the balance of the purchase price, thereby making it a binding contract on all parties thereto. *Prosser v. Schmidt,* 118 Colo. 502, 197 P. (2d) 318.

The agreement, to which reference is made, was dated March 15, 1951, and executed by Gray as agent, approved in writing by Kincheloe as purchaser, and on March 17, 1951 was approved by James Blake as "seller." It recited, "upon approval hereof by the seller, this agreement shall become a contract between the seller and purchaser and shall inure to the benefit of the heirs, successors and assigns of said parties." In the agreement, payment of one thousand dollars by Kincheloe "as part payment" for the lands in question, was acknowledged, and it is further recited, "which property purchaser agrees to buy." Balance of the purchase price was to be paid within thirty days on "acceptance of merchantable title" and it is further provided that "upon payment or tender as above provided * * * the seller shall execute and deliver a good and sufficient warranty deed to said purchaser."

It is the general rule that a broker employed to find a purchaser for, or to sell, property, is not entitled to compensation where he merely procures a third person to take an option on the property and the option

is not exercised. Even though a broker might not be entitled to compensation for merely procuring a prospective purchaser to take an option to purchase, his right to compensation accrues when the optionee subsequently exercises the option or is willing and able to exercise it, but is prevented from doing so by some act or omission on the part of the owner to comply with his part of the agreement. *Finnerty v. Stratton's Estate*, 53 Colo. 17, 123 Pac. 667.

■ By Instruction No. 7, above quoted, the trial court in effect told the jury that Gray had not performed his part of the agreement with Blake and that the offer and tender of Kincheloe was without force or effect as regards the service plaintiff claimed he had performed. By telling the jury in Instruction No. 7 that Exhibit "A" was not a contract of sale, in view of all the attendant facts shown by the record, the trial court erred. As an abstract proposition of law Instruction No. 7 doubtless is correct, yet it had no applicability to the facts in the instant case and could only serve to confuse the jury.

Over the objection of counsel for Gray, the trial court gave the following instruction:

No. 3

"You are instructed that the defendant and Mrs. Faye Blake as owners in joint tenancy of the property herein involved, are not partners and that such relationship of joint tenants does not authorize one to act as agent for the other.

"One joint tenant acting along [alone] cannot sell or convey the joint property so as to bind his co-tenant or divest the other of any interest therein, and a contract of sale by one joint tenant alone is not binding upon the other tenant not executing the agreement."

Mrs. Blake, joint tenant, was not a party to the action. While the instruction states rules of law relating to joint tenancies, and the relation of each co-tenant to the other, it had nothing to do with the issues in the instant case, and could serve no other purpose than to inject abstract

legal propositions not necessary for consideration by the jury in the determination of the issue it was called upon to decide.

Plaintiff's counsel requested the court to give the following instruction to the jury: "You are instructed that a person who has employed a real estate broker to sell his property, cannot avoid liability for commissions on the grounds that he is unable to complete the transaction because his wife refused to join in the contract of sale or deed of conveyance, if the broker procured a purchaser ready, willing and able to purchase the property, and provided the broker did not know in advance that his wife would not join in the conveyance." The trial court refused to give this instruction.

Counsel for plaintiff also urge the refusal of the trial court to give the following instruction as basis for reversal: "You are instructed that where a husband gives a real estate broker a listing to sell property standing in the name of the husband and wife, the broker has a right to rely on the husband's assumption of authority and his implied representation that the wife would join in the necessary conveyance of title."

We quote from *Knowles v. Henderson*, 156 Fla. 31, 22 So. (2d) 384; 169 A.L.R. 600; as follows: "The weight of authority is to the effect that where a broker in good faith and in reliance upon his contract procures a purchaser ready, able and willing to buy the property in accordance with the terms fixed by the seller, and before the broker can effect the sale or procure a binding contract of purchase the seller defeats the transaction, not for any fault of the broker or purchaser, but solely because the seller will not, or cannot, complete the transaction, then and in such case, the broker is entitled to his commission, if the customer remains ready, able and willing to purchase, although the sale has not been fully completed; * * *."

While the two tendered instructions may not be model ones, they presented matters concerning which

the jury should have been instructed, and with some modification by the trial court, should have been given.

In the instant case plaintiff's counsel was content to limit his client's right to recover a commission on the proviso above set forth in the tendered instruction that "the broker did not know in advance that his wife would not join in the conveyance." If Gray knew at the time of the listing by the husband that the wife was a joint owner of the property; did not obtain a listing from her; and she declined to join in a conveyance with her husband; Gray could not recover a commission.

Because of error in the giving of improper instructions, and refusal to give requested instructions, the judgment is reversed and the cause remanded for a new trial.