No. 17,095.

COOK ET AL. *v.* CITY AND COUNTY OF DENVER ET AL.
(265 P. [2d] 700)

Decided January 11, 1954. Rehearing denied February 1, 1954.

Messrs. DICKERSON, MORRISSEY, ZARLENGO & DWYER, Mr. FRED M. WINNER, for plaintiffs in error.

Mr. JOHN C. BANKS, Mr. EARL T. THRASHER, for defendant in error City and County of Denver.

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for defendant in error Housing Authority of the City and County of Denver.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

On the 10th day of March, 1952, the city council of the City and County of Denver passed Ordinance No. 45, Series of 1952, creating and establishing Valverde Storm Sewer District, and authorized the construction thereof, as well as providing for the issuance of bonds and the assessment of real estate included in the district for the payment of the cost thereof.

On May 12, 1952, Ben H. Cook and eighteen other individual property owners within the district, and the Colorado and Southern Railway Company, for themselves and all others similarly situated, filed a complaint in the district court for equitable relief and declaratory judgment seeking an injunction against the building of said storm sewer; asking that all prior actions and ordinances attempting to create the improvement district be held to be void; and further asking that the contract between the City and County of Denver and the Housing Authority of the City and County of Denver be held void, as well as an ordinance which authorized the contract. The City answered the complaint, but the Housing Authority filed a motion to dismiss. The complaint was amended; both defendants, the City and the Housing Authority, filed motions to dismiss which were sustained; and plaintiffs, by writ of error, seek reversal of the order dismissing their complaint.

The substance of the allegations of the complaint is to the effect that plaintiffs were all taxpaying property owners within the boundaries of the proposed district; that the Manager of Improvement and Parks pretended to conduct hearings; publication of the notice by the Manager of Improvements and Parks is alleged; that in said notice it was stated that objections would be heard December 21, 1951; and on that date the written protest of twelve hundred taxpayers was filed with the Manager of Improvements and Parks; that the Manager of Improvements and Parks believed himself to be bound by the contract entered into between the City and the Housing Authority to approve creation of the district; that

he refused to consider a protest; and acted capriciously and arbitrarily and did not exercise his free discretion in the matter; that the proposal for the district was submitted to the city council after approval by the Manager of Improvements and Parks; that the council thereafter arbitrarily and capriciously approved the district and refused to consider protests which had been filed; that the action of the city council was based upon the belief that the council was bound by contract to approve the district; and further, that the proposed assessment was arbitrarily apportioned on the area basis without reference to benefits; that plaintiffs' lots received no benefit by reason of the construction of the storm sewer; that the value of plaintiffs' property will not be enhanced by the construction thereof; that the special assessment for the proposed storm sewer will deprive plaintiffs of their property without due process of law; that plaintiffs' property will not be enhanced by the special assessment; will not be benefited in any manner from the benefit enjoyed by property outside the district; and that there will be no benefit to any of plaintiffs' property.

██ Under the established rule in this jurisdiction, all of the above allegations of the complaint are, on motions to dismiss, conclusively presumed to be true. In other words, the above allegations were well pleaded; and for the purposes of the motion to dismiss, were confessed by defendants; that thereby, defendants admitted that the actions of the City were arbitrary, capricious and illegal; admitted that no consideration was given to the question of benefits; that plaintiffs had been deprived of their property without due process of law; and finally, admitted that no benefit could result to plaintiffs. Applying the standards approved in the case of *Ross v. City and County of Denver*, 89 Colo. 317, 2 P. (2d) 241, the complaint herein contained allegations which entitled plaintiffs to relief if sustained by the burden of proof, and the motions to dismiss were erroneously sustained.

Numerous interesting questions are presented in the arguments concerning matters which it is not now necessary for us to determine, since the only question that is proper for our consideration is the order sustaining the motion to dismiss. The complaint is strikingly parallel to the complaint in *Ross v. City and County of Denver, supra,* which was, in a well-reasoned opinion, held to be good as against a demurrer under the old code of procedure. That was an action to enjoin the establishment of a storm-sewer district, and several questions here presented were considered there on arguments similar to those now before us. On such questions, the decision in *Ross v. City and County of Denver, supra,* is the law of this jurisdiction, which we again approve.

The judgment is reversed and the cause remanded with directions to the trial court to set aside its order sustaining the motions to dismiss and reinstate the complaint for such further proceedings as it may be advised.