## No. 18,312.

CITY AND COUNTY OF DENVER, ET AL. *v.*
IRVING GREENSPOON.
(344 P. [2d] 679)

Decided October 5, 1959.   Rehearing denied October 19, 1959.

Mr. John C. Banks, Mr. Earl T. Thrasher, Mr. Hans W. Johnson, for plaintiffs in error.

Messrs. Donaldson, Hoffman & Goldstein, for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

In the trial court defendant in error was plaintiff and plaintiffs in error were defendants. We shall refer to the parties as they there appeared.

Plaintiff is the owner of certain real property which was located within a local improvement district created pursuant to the Charter of the City and County of Denver, which district was known as Sanitary Sewer District No. 315. One line of this sewer was located in a street abutting plaintiff's property. By his complaint plaintiff attacked the assessment levied against his property on account of the creation of this district, and on trial the assessment was declared invalid and void as to plaintiff's property. The defendants bring the case here on writ of error seeking a review of the judgment. They contend that prior to trial errors occurred in framing the issues, because the trial court struck from defendants' answer allegations that plaintiff had failed to protest or object to the assessment in the special forum provided for such purpose; that the trial court erred in striking from defendants' answer allegations that the plaintiff had not commenced his action within the time limitations provided by certain sections of the Denver Charter and that the trial court erred in denying defend-

ants' motion for summary judgment based on the foregoing allegations in the answer tendered.

Plaintiff is an affected property owner who asserts the invalidity of the assessment against his property on three grounds: (1) that his property is already fully and adequately served by a sewer line previously established; (2) that his property cannot now or ever derive a benefit from the newly established sewer line; (3) that there is not now nor will there ever be need for additional sewer services to plaintiff's property.

Exhibit B attached to the additional defenses embraces the ordinance authorizing the creation of the sanitary sewer district. Section 5 thereof imposed an assessment "against and upon the real estate in the district in proportion to *especial* benefits received by reason of the improvements hereby authorized" and concludes with the following proviso: "provided further, that no assessment shall be made against or upon any lot or tract of land not especially benefitted by said improvement." It is admitted that plaintiff did not file any protest with the duly constituted authority pursuant to the published notice of the creation of the sanitary district.

The trial court found that plaintiff had assumed and sustained the burden of proof that the sewer line was of no especial benefit to his property, hence by the terms of the Ordinance itself was not assessable therefor.

■ The Charter of Denver, as well as the Ordinance, made the conferring of a special benefit a jurisdictional prerequisite to the right to impose the special assessment. Section 20 provides:

"The city and county shall have power to contract for and make local improvements, and to assess the cost wholly or in part upon the property *especially benefited,* as herein provided." (Emphasis supplied.)

This language has been construed by this court to mean that there is no power to assess unless the property is "especially benefited." In *Santa Fe Land Im-*

*provement Co. v. Denver* (1931), 89 Colo. 309, 2 P. (2d) 238, it was said:

"The charter of the City and County of Denver, 1927, section 20, authorizes the defendant city to contract for and make local improvements and assess the cost thereof wholly or in part upon the property specially benefited. This is equivalent to denying the city the right to make local improvements where they do not specially benefit the property which is to be assessed with the cost thereof."

The authorities seem generally agreed that the right to assess and collect a special assessment tax exists only where a special benefit has been conferred upon the property subjected to the tax. In the absence of a special benefit the levy would amount to a confiscation without due process. Since the Greenspoon property received no special benefit or increment in value, and could not even utilize the Severn Place Sewer line installed on the bluff above the property, it could not be taxed for the cost of installation.

A clear statement of the law to this effect is to be found in *Santa Fe Land Improvement Company v. City and County of Denver,* supra, where this court said:

"Special assessments for local improvements are authorized and permitted upon the theory that the property against which they are levied derives some special, immediate, and peculiar benefit by reason of the improvement, other, in addition to, and different from that enjoyed by other property in the community outside of the district in which the improvement is made; in other words, that the local improvement generally and peculiarly enhances the value of the property against which the assessment is levied, to an amount equal to, if not in excess of, the amount of the special assessment."

In *Pomroy v. Pueblo,* 55 Colo. 476, 136 Pac. 78, in speaking generally of the law of special assessments to defray the cost of local improvements, this court, speaking through Mr. Justice Gabbert, said:

"A special or local assessment is a burden imposed upon real property for a local improvement, the extent of the burden being determined by the special benefits which inure to the assessed property as the result of the improvement. 25 Ency. 1168. Assessments of this character are upheld upon the theory that the special benefits inuring to the property assessed are equal to the burden thereby imposed; that is to say, that *an improvement to defray the expense of which the proceeds of the special assessments are applied must benefit the property on which the special assessment* is levied, in a manner local in its nature, and which does not attach to other property of a like character, *and in order to be valid, must specially enhance the value of the property against which such assessment is levied at least equal to the amount so assessed.*" (Emphasis supplied.)

To enforce a special assessment for a purpose which does not confer a special benefit upon the property on which it is levied would result in taking property without compensation, in violation of due process of law.

Special assessments for local improvement, when once fixed and determined by the legislative body, are prima facie valid, and it must be presumed that the action of the city council was legal and regular, but, when the allegation is made that no service or benefit whatever results to the property of the plaintiff by reason of the construction of this local improvement, and this fact is admitted by motion for summary judgment, and the plaintiff has assumed the burden of overcoming the presumption of regularity and legality of the special assessment, he cannot be foreclosed of this right by the defendants. If it be shown that a special assessment is levied without right or authority; is unreasonable and unjust; produces manifest inequality, or is the result of fraud, the court will grant proper relief. This statement finds ample support in the Colorado cases where the subject has been discussed, and is designed to safeguard

property owners in the enjoyment of their constitutional rights, and that they not be deprived of their property without compensation.

The testimony of plaintiff's witness was that the Greenspoon property could receive no increment in value by the installation of the sewer lateral on Severn Place even assuming the highest and best use of which the property was capable. Under *Pomroy v. Pueblo,* supra, and other decisions of this court, failure of such improvement to enhance value is tantamount to an absence of benefit. In *Hildreth v. City of Longmont* (1909), 47 Colo. 79, 105 Pac. 107, it was said:

"Generally speaking, only such benefits are to be assessed as it is reasonably apparent the property will receive, other than the general benefit of the community, and nothing is to be considered a benefit which does not enhance the value of the property."

More recently this same view was expressed in the case of *Cook v. Denver* (1954), 128 Colo. 578, 265 P. (2d) 700, where this Court held that a complaint to enjoin the building of a storm sewer stated a cause of action where it alleged that the plaintiffs' lots would receive no benefit from the construction of the storm sewer and that the value of the plaintiffs' lots would not be enhanced by the construction thereof. The Court stated that such allegations entitled the plaintiffs to relief if sustained by the burden of proof. In the case at bar the trial court ruled that Greenspoon had sustained the burden of proof. It follows that no error occurred in granting the relief prayed for.

The judgment is affirmed.

MR. JUSTICE FRANTZ not participating.