497 P.2d 1033 (1972)
TRANS CENTRAL AIRLINES, INC., a Colorado Corporation, and TCA Leasing Corporation, a Nevada Corporation, Plaintiffs-Appellees,
v.
PETER J. McBREEN & ASSOCIATES, INC., an Illinois Corporation, and Gerald R. Climer, Defendants-Appellants,
Argonaut Insurance Co., a corporation authorized by the State Insurance Commissioner to conduct insurance business within the State of Colorado, Defendant-Appellee.
No. 71-223.
Colorado Court of Appeals, Div. I.
May 31, 1972.
*1034 Richard O. Pittam, Littleton, for plaintiffs-appellees.
Blunk, Johnson & Allspach, Wayne L. Johnson, Denver, for defendants-appellants.
Paul D. Renner, Denver, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiffs in this action are the lessee (Trans Central Airlines, Inc.) and the owner-lessor (TCA Leasing Corporation) of an airplane. The airplane was damaged in an accident and plaintiffs sued the insurer of the plane (Argonaut Insurance Co.) and the insurer's adjusters (Peter J. McBreen & Associates, Inc. and G. R. Climer) to recover for losses incurred as a result of the accident. The claim against the insurer was based on the policy and the claim against the adjusters was based on false representations and fraudulent acts made and committed during the course of adjustment.
All of the defendants filed motions for summary judgment. The motion of the insurer was granted and the motion of the adjusters was denied. Although the insurer is designated as an appellee and entered its appearance in this court, no appeal was taken from the order granting its motion for summary judgment.
Upon entering the order denying the motion of the adjusters, the trial court stated,
"The Court further expressly determines that there is no just cause for delay, and this order denying the Motion for Summary Judgment of Defendants McBreen and Climer is by agreement of counsel a final and appealable judgment."
C.R.C.P. 54(b) provides for such a determination when, as here, more than one claim for relief is presented in an action or multiple parties are involved.
In reliance on this declaration by the trial court of the finality of its order the adjusters perfected the appeal to this court. However, it is our opinion that the declaration is invalid, that the order appealed from is interlocutory and not appealable and that the appeal must, therefore, be dismissed.
In State of Colorado v. Harrah, 118 Colo. 468, 196 P.2d 256, our Supreme Court stated, "The order denying motion for summary judgment is interlocutory and not subject to review." It is clear that absent certification under C.R.C.P. 54(b) (that is, a determination that there is no just reason for delay and the direction for entry of judgment) the order before us would not be an appealable order. So we must determine whether such certification permits or requires us to review the order. We find that it does neither.
First, the rule provides that the trial court, not the parties or their counsel, may make the required determination of finality. Further, the certification by the trial court is not binding upon the appellate *1035 courts. Since C.R.C.P. 54(b) is identical to the corresponding Federal Rule, the Federal Court cases interpreting the latter are persuasive here. In Backus Plywood Corp. v. Commercial Decal, Inc., 2 Cir., 317 F.2d 339, the court held;
"Where the district court issues a certificate, we have no jurisdiction unless the district court had power to do so [citing case] and the district court's determination that it had such power is not binding upon us."
In Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297, it is stated:
"[T]he District Court may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions. The timing of such a release is, with good reason, vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay. With equally good reason, any abuse of that discretion remains reviewable by the Court of Appeals."
The discretion accorded the trial court under the rule is limited. It does not permit the court to declare that which is not final under the rules, to be final. Sears, Roebuck & Co., supra.
In Cold Metal Process Co. v. United Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311, it was held that rule 54(b) applies only to a final decision of one or more, but not all, claims for relief and that the effect of the rule was to permit the trial court to advance the time when such a final decision could be appealed.
Since the order denying the motion for summary judgment is not a final order, the trial court was without power to declare it to be final. Therefore the appeal must be, and is, dismissed.
COYTE and SMITH, JJ., concur.