## 57479. HOUSING AUTHORITY OF ATLANTA v. STARCHER et al.

WEBB, Presiding Judge.

The Housing Authority appeals from a jury verdict and judgment against it in the amount of $175,000 for damages to certain apartments occurring during the period it leased them from Starcher and other owners. We affirm.

1. Denial of the Authority's motion for summary judgment is moot and not now subject to review. "After verdict and judgment, it is too late to review a judgment denying a summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case. [Cits.]" *Phillips v. Abel,* 141 Ga. App. 291 (1) (233 SE2d 384) (1977); *Lanier Petroleum v. Hyde,* 144 Ga. App. 441 (1) (241 SE2d 62) (1978).

2. The Authority complains that testimony regarding the cost of replacing the apartments which were destroyed by its subtenants was irrelevant and improperly admitted. " 'An objection [to evidence] on the sole ground that it is irrelevant is not such an objection as

would be reversible error to overrule.' [Cits.]" *Associated Distributors v. Strozier,* 144 Ga. App. 205 (1b) (240 SE2d 761) (1977).

3. The Authority also objected to testimony of one of the owners as to value on the ground that he did not give the basis for his opinion of the market value of the property. This witness, in addition to being an owner, was qualified as an expert. Thus he was not required to give the facts upon which he based his opinion. *Rowe v. City Council of Augusta,* 119 Ga. App. 571 (1) (168 SE2d 209) (1969); *Rosenberg v. Mossman,* 140 Ga. App. 694, 695 (1) (231 SE2d 417) (1976).

4. At the end of plaintiffs-appellees' evidence the Authority moved for directed verdict, which was denied. It insists that appellees did not plead diminution in the market value of the property as a special item of damage and therefore could not recover upon that theory, citing *Signal Oil &c. Co. v. Conway,* 126 Ga. App. 711, 717 (2) (191 SE2d 624) (1972). Since that case and those cited therein deal with pleading libel they are inapposite. Moreover, the damages asked for in Counts 2 and 4 constituted diminution in value: Count 2 claimed the loss of the present value of improvements which were in such bad condition at the termination of the lease they were demolished; Count 4 alleged the cost of putting the premises back into the condition it was in when leased to be in excess of the value of improvements. Pleadings, including any doubts in their interpretation, should be construed in favor of the pleader. *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974); *Empire Banking Co. v. Martin,* 133 Ga. App. 115, 120 (210 SE2d 237) (1974). Since the facts presented at trial supported these claims the trial court did not err in denying the motion for directed verdict.

5. The charge that the measure of damages was the diminution of the value of the property was likewise not improper. Not only was the objection to the charge not "sufficiently specific to bring into focus the precise nature of the alleged error" so as to present a question for review (*Butts v. Brooks,* 138 Ga. App. 653, 654 (227 SE2d 76) (1976)), the Authority has shown no injury as a result of the alleged error. *Campbell v. Powell,* 206 Ga. 768, 770 (3)

(58 SE2d 829) (1950).

6. It follows that the evidence as to value was ample to support the verdict.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED MARCH 6, 1979 — DECIDED MARCH 16, 1979.

*Parks, Jackson & Howell, Lenwood A. Jackson,* for appellant.

*Stuart M. Neiman,* for appellees.