**MOORE AND COMPANY,**
Plaintiff–Appellee,

v.

**TRIANGLE CONSTRUCTION AND DEVELOPMENT COMPANY, INC., Cliff M. Hulbert and Raymond W. Hulbert,**
Defendants–Appellants.

No. 80CA0088.

Colorado Court of Appeals,
Div. I.

July 17, 1980.

Rehearing Denied Aug. 14, 1980.

Certiorari Denied Nov. 3, 1980.

Fischer & Wilmarth, Steven G. Francis, Fort Collins, for plaintiff–appellee.

Chilson Law Offices, P. C., Laurence A. Stanton, Loveland, for defendants–appellants.

VAN CISE, Judge.

Defendants appeal a judgment dismissing their counterclaim for exemplary damages. We dismiss the appeal.

Plaintiff, a real estate broker, sued for a commission for sale of improved real estate owned by defendants. Defendants pled affirmative defenses of: (a) failure of plaintiff to have licensed broker at its branch office where the sale was closed, (b) breach of fiduciary duty for non–disclosure that plaintiff's salesman was one of the buyers, and (c) other breaches of fiduciary duty. Also, they counterclaimed for compensatory and exemplary damages for loss of true market value caused by the dual capacity of plaintiff as broker and buyer.

In September 1979, at the request of the parties, the court reviewed the pleadings, status reports, instruments, motions, agreed upon facts, briefs and arguments, and in its "Order of Court" made certain rulings in advance of trial. Among these was a determination that a breach of a fiduciary duty, even if proved, would not come within the scope of the exemplary damages statute, § 13–21–102, C.R.S. 1973, and, therefore, the exemplary damages portion of the counterclaim was dismissed.

Defendants filed a notice of appeal from that part of the September 1979 order, and docketed their appeal in this court in No. 79–1011. On plaintiff's motion, it appearing that there was no final judgment in the trial court and that a C.R.C.P. 54(b) order had not been entered, this court dismissed the appeal in December 1979.

After the case was remanded, the trial court, on January 7, 1980, entered its "Order and Final Judgment Pursuant to C.R. C.P. 54(b)." In the order the court incorporated by reference its September 1979 order, determined that there was no just reason for delay, and directed the entry of judgment dismissing the defendants' counterclaim for exemplary damages. Defendants filed a new notice of appeal, this time from the order and judgment of January 7, 1980, pertaining to exemplary damages.

Defendants contend that the court erred in ruling that a willful and wanton breach of a fiduciary duty is not the type of action that supports a claim for exemplary damages and in dismissing that portion of their counterclaim.[1] Since we conclude there is no final judgment, we are without jurisdiction to entertain the appeal, and therefore, we express no opinion as to the merits of the court's ruling.

C.R.C.P. 54(b) provides in pertinent part: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross–claim or third–party claim, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

"[T]he certification by the trial court is not binding upon the appellate courts.... [The rule] does not permit the court to

---

1. The C.R.C.P. 54(b) order was limited to the dismissal of the claim for exemplary damages; therefore, none of the other rulings of the trial court can be considered at this time.

declare that which is not final under the rules, to be final." *Trans Central Airlines, Inc. v. Peter J. McBreen & Associates, Inc.,* 31 Colo.App. 71, 497 P.2d 1033 (1972).

Since C.R.C.P. 54(b) is identical to the corresponding Federal Rule, the federal cases interpreting F.R.C.P. 54(b) are persuasive here. If the trial court enters a summary judgment for only a portion of a claim or counterclaim or any other order that falls short of fully adjudicating at least one claim or counterclaim, the order cannot be made final under 54(b), despite an "express determination" and an "express direction." *Backus Plywood Corp. v. Commercial Decal, Inc.,* 317 F.2d 339 (2d Cir. 1963), *cert. denied,* 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963); *Flynn & Emrich Co. v. Greenwood,* 242 F.2d 737 (4th Cir. 1957). "54(b) cannot be used to appeal a part of a single claim," *Backus Plywood Corp., supra* ; it "cannot be made operative unless the district court has finally adjudicated the claim to which its certificate is directed." *Painton & Co., Ltd. v. Bourns, Inc.,* 442 F.2d 216 (2d Cir. 1971).

Plaintiff's claim to a commission cannot be resolved without deciding the issues raised in defendants' affirmative defenses of breach of fiduciary duty. And, there can be no exemplary damages unless plaintiff is found liable and compensatory damages are proved in the counterclaim. *See* § 13–21–102, C.R.S. 1973. All of these issues as to liability and compensatory damages remain to be determined and all are interdependent. None of the claims has been finally resolved and, therefore, the C.R.C.P. 54(b) order was improperly entered. *Ball Corp. v. Loran,* Colo.App., 596 P.2d 412 (1979). The order being interlocutory, there can be no appeal at this stage in the proceedings.

To the extent that *Jones v. Harding Glass Co., Inc.,* Colo.App., 619 P.2d 777 (1980), is inconsistent with this opinion, we decline to follow *Jones.*

Appeal dismissed.

RULAND, J., concurs.

KIRSHBAUM, J., specially concurs.

KIRSHBAUM, Judge, specially concurs:

I concur in the result reached by the majority. Defendants' counterclaim raises fact questions which must, in any event be determined during the trial of plaintiff's claim and defendants' affirmative defenses thereto. In view of this interrelationship of issues, I agree that the order of dismissal did not finally resolve a claim among these parties for purposes of C.R.C.P. 54(b).

I do not, however, view *Jones v. Harding Glass Co., Inc.,* Colo.App., 619 P.2d 777 (1980) as inconsistent with this decision. *Jones* reversed an order dismissing one claim of a plaintiff's complaint, thus eliminating the possibility of litigation respecting significant elements of that claim. Here, significant elements of defendants' claim against plaintiff will be litigated even though the counterclaim was dismissed. In consideration of the purposes of C.R.C.P. 54(b), I find *Jones* distinguishable from this case.