**William MANUEL, Petitioner,**

v.

**FORT COLLINS NEWSPAPERS, INC., a Colorado corporation, Stephanie Brown, Larry Steward, and Jerry Sharpnack, Respondents.**

No. 79SC171.

Supreme Court of Colorado, En Banc.

July 27, 1981.

Rehearing Denied Aug. 17, 1981.

---

Tucker & Brown, William Tucker, Denver, for petitioner.

Hill & Hill, P. C., Alden V. Hill, Fort Collins, for respondents.

Perry P. Burnett, Denver, for amicus curiae Colorado Counties, Inc.

Hall & Evans, Thomas B. Kelley, Davis, Graham & Stubbs, Richard P. Holme, Denver, for amici curiae Colorado Press Ass'n and The Colorado Broadcasters Ass'n.

1. *Manuel v. Fort Collins Newspapers, Inc.,* Colo.App., 599 P.2d 931 (1979).

LOHR, Justice.

The petitioner, William Manuel, was awarded $100,000 in compensatory damages in his public official defamation action against Fort Collins Newspapers, Inc., the owner and publisher of the Fort Collins Coloradoan; the newspaper's editor, Jerry Sharpnack; and two of its reporters, Stephanie Brown and Larry Steward (respondents). The Colorado Court of Appeals reversed the judgment[1] on the basis that the trial court had improperly denied the respondents' pre-trial motion for summary judgment. We granted certiorari and now reverse the decision of the court of appeals and remand this case to that court for further proceedings.

This action concerns certain allegedly false and defamatory statements made in a series of articles appearing in The Coloradoan during the spring of 1974.[2] The essence of these statements is that Manuel, while a county official, had used the county computer system for personal gain. Manuel brought an action in Larimer County District Court, seeking compensatory and punitive damages for the alleged libel.

Prior to filing an answer, the respondents moved for summary judgment; that motion was denied after a hearing. The motion was subsequently renewed but was again denied just prior to trial. The matter was then tried to a jury, which awarded Manuel compensatory damages of $100,000.

Judgment was entered on the jury's verdict, and the respondents appealed. Among the numerous issues raised was the trial court's allegedly erroneous denial of the respondents' motion for summary judgment. Manuel cross-appealed, asserting error in several evidentiary rulings and seeking additional costs and interest on his damage award, but otherwise requesting affirmance of the jury verdict.

The court of appeals reversed the judgment, holding that Manuel had failed to establish *at the time of the hearing on the*

2. A more detailed exposition of the facts as well as pertinent excerpts from the articles in question may be found in the opinion of the court of appeals.

respondents' renewed motion for summary judgment that he would be able to produce sufficient evidence at trial to prove that the respondents acted with "actual malice" under the standards of *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), and its progeny in publishing the allegedly libelous articles.

We hold that the propriety of the district court's denial of the respondents' pre-trial motion for summary judgment is not reviewable on appeal because a trial on the merits has been completed in this case.[3] The court of appeals therefore erred in considering that question.

## I.

▪ In Colorado as well as most other jurisdictions the denial of a motion for summary judgment is not a final order which may be appealed[4] but is, rather, an unappealable interlocutory ruling. *State v. Harrah*, 118 Colo. 468, 196 P.2d 256 (1948); *Trans Central Airlines v. McBreen and Associates, Inc.*, 31 Colo.App. 71, 497 P.2d 1033 (1972); *see generally* Annot. 15 A.L.R.3d 889 § 3[a] (1967). Some courts which adopt this position go on to state that, although errors made by the trial court in denying a motion for summary judgment are not immediately appealable, they may be preserved and asserted on appeal from the final judgment in the case. *See, e. g., Lackner v. LaCroix*, 25 Cal.3d 747, 159 Cal.

Rptr. 693, 602 P.2d 393 (1979); *Wynn v. Winsen Ltd.*, 246 So.2d 639 (Fla.App.1971); *Lane v. Schacht*, 260 Pa.Super. 68, 393 A.2d 1015 (1978).[5]

▪ In a substantial number of jurisdictions, however, reviewability is denied even after final judgment, particularly where the case has gone to trial subsequent to the denial of the summary judgment motion. *E. g., Boyles Galvanizing & Plumbing Co. v. Hartford Accident & Indemnity Co.*, 372 F.2d 310 (10th Cir. 1967); *Henslee v. Kennedy*, 262 Ark. 198, 555 S.W.2d 937 (1977); *Housing Authority of Atlanta v. Starcher*, 149 Ga.App. 402, 254 S.E.2d 515 (1979); *Pleasure Driveway and Park District of Peoria v. Kurek*, 27 Ill.App.3d 60, 325 N.E.2d 650 (1975); *Bell v. Harmon*, 284 S.W.2d 812 (Ky.App.1955); *Bruno v. Hartford Accident and Indemnity Co.*, 337 So.2d 241 (La.App.1976); *All-States Leasing Co. v. Pacific Empire Land Corp.*, 31 Or.App. 733, 571 P.2d 192 (1977); *Logan v. Grady*, 482 S.W.2d 313 (Tex.Civ.App.1972); *see generally* Annot. 15 A.L.R.3d 899 § 9[a] (1967). In our view, this is the better position.[6] As was stated in *Navajo Freight Lines, Inc. v. Liberty Mutual Insurance Co.*, 12 Ariz.App. 424, 471 P.2d 309 (1970) at 313:

"[A]n order denying a motion for summary judgment is properly considered as one of those intermediate orders which by their nature do not involve the merits and necessarily affect the final judgment.

---

**3.** Although this issue was not raised by the parties, we consider it dispositive of this appeal.

**4.** Federal appellate courts, in their discretion, have reviewed the denial of a defendant's motion for summary judgment in defamation cases prior to trial pursuant to 28 U.S.C. § 1292(b), which allows a district judge to state in writing in the order of denial that such order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." *E. g., Vandenburg v. Newsweek, Inc.*, 441 F.2d 378 (5th Cir. 1971). Colorado has no similar statute or court rule.

**5.** Statutes and procedural rules are sometimes influential in determining that such interlocutory orders are reviewable on appeal from a final

judgment. *See, e. g., Lackner v. LaCroix, supra; Wynn v. Winsen Ltd., supra.*

**6.** We recognize that in *Gray v. Blake*, 128 Colo. 381, 262 P.2d 741 (1953) this court considered the propriety of a trial court's denial of summary judgment despite the fact that a jury verdict had been rendered in the case. However, that consideration was perfunctory and did not address the reviewability issue. *See also City and County of Denver v. Greenspoon*, 140 Colo. 402, 344 P.2d 679 (1959). To the extent our prior cases hold that a trial court's denial of a motion for summary judgment may be considered on appeal from a final judgment entered after a trial on the merits, at least in absence of special circumstances not present in those cases or in the instant case, we disapprove those holdings.

Rather, the entry of such an order merely indicates that the trial court considers that the matter should proceed to trial on the merits. To hold otherwise could lead to the absurd result that one who has sustained his position after a full trial and a more complete presentation of the evidence might nevertheless be reversed on appeal because he had failed to prove his case fully at the time of the hearing on the motion for summary judgment. *Home Indemnity Co. v. Reynolds & Co.,* 38 Ill.App.2d 358, 187 N.E.2d 274 (1962); *Bell v. Harmon,* 284 S.W.2d 812 (Ky.App. 1955)."

We can perceive no reason why the *Navajo Freight Lines* reasoning should not apply in public official defamation cases. Although we are mindful of the importance of the First Amendment values involved in such cases, *see, e.g., New York Times v. Sullivan, supra,* we are persuaded that adequate protection of those values can be assured by a review of the record of each case as presented to the jury without also reviewing the appropriateness of the denial of the publisher's pre-trial motion for summary judgment. Accordingly, we conclude that the court of appeals should have refrained from reviewing the denial of summary judgment.

The parties have raised a number of issues which do not relate solely to the trial court's pre-trial denial of the respondents' motion for summary judgment. A central contention of the respondents is that the evidence adduced at trial is insufficient to sustain the jury verdict in favor of Manuel under applicable defamation law. However, in the court of appeals all parties contested numerous evidentiary rulings which could affect the determination of the legal sufficiency of the evidence. Those issues were rendered moot by the erroneous decision of that court to consider the appropriateness of the denial of summary judgment and were neither briefed nor argued before us. A full examination of those evidentiary issues as well as the other contentions raised by the parties can best be made on the basis of full briefing and argument. Therefore, we conclude that the most appropriate disposition of this case is to remand it to the court of appeals to permit that court to address those issues which it did not reach in the earlier proceedings before it.

The judgment is reversed and the case is remanded to the court of appeals for further proceedings consistent with this opinion.

ROVIRA, J., dissents.

ROVIRA, Justice, dissenting.

I respectfully dissent.

I have no disagreement with the view expressed in the majority opinion that the Court of Appeals should have based its opinion on the entire record rather than on the evidence at the summary judgment stage.

I do disagree that the appropriate disposition of this case is to remand. The record is available to us; the briefs filed in the Court of Appeals can as easily be read by us as them; and we are in an equally favorable position to make an independent evaluation of the record to determine whether the petitioner's evidence was sufficient to persuade a fact finder by clear and convincing proof that the publications were false and the respondents acted with actual malice. *New York Times v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).

This case has been in the process of litigation for seven years. A final resolution by our court would be in the best interests of the parties and conserve judicial time and resources. For these reasons I dissent from the order of remand.