STEVEN A. GALL, P.C.; and Steven
A. Gall, Petitioners,

v.

DISTRICT COURT In and For the FOUR-
TEENTH JUDICIAL DISTRICT, and
The Honorable William M. Ela, a judge
thereof, Respondents.

No. 97SC551.

Supreme Court of Colorado,
En Banc.

Oct. 19, 1998.

Steven A. Gall, P.C. Steven A. Gall Hot Sulfur Springs, for Petitioners.

Gale A. Norton, Attorney General Martha Phillips Allbright, Chief Deputy Attorney General Richard A. Westfall, Solicitor General Paul Farley, Deputy Attorney General Wade Livingston, First Assistant Attorney General Betty J. Wytias, Assistant Attorney General, State Services Section Denver, for Respondents.

Justice SCOTT delivered the Opinion of the Court.

We granted certiorari in *Gall v. District Court*, No. 95CA1957 (Colo.App. Apr. 17, 1997) (not selected for official publication), to decide whether the court of appeals erred when it held that it lacked jurisdiction over court-appointed attorney fees orders even though the trial court certified its order as a final judgment pursuant to C.R.C.P. 54(b).[1] Because its statutory authority includes "initial jurisdiction over appeals from final judgments of the district courts," § 13–4–102(1), 5 C.R.S. (1998), we hold that the court of appeals has jurisdiction over attorney fees orders certified as final judgments. We therefore reverse.

## I.

The petitioners before us are Steven A. Gall, P.C., a professional corporation organized for the practice of law, and Steven A. Gall, the individual shareholder of the firm and practitioner licensed to practice law in Colorado (Gall). Gall was the court-appointed attorney in a dependency and neglect proceeding then pending before the Grand County District Court (trial court).[2] Our review of the court of appeals' judgment focuses upon a trial court order dated October 2, 1995, denying Gall's motion to reconsider the amount of attorney fees awarded by the trial court for services performed in the dependency and neglect proceeding, and certifying the trial court ruling as final.

## A.

On May 20, 1993, the trial court appointed Gall to represent an indigent parent named as a respondent in dependency and neglect proceedings filed before the trial court with respect to the parent's children. After serving as the parent's attorney for more than a year, Gall filed a motion seeking attorney fees. On June 15, 1994, the trial court granted the motion, awarding $12,665.30 in attorney fees. However, concluding the fees were in excess of the amount generally allowed in ordinary cases, the state court administrator's office returned payment forms to the trial court and asked that it review the fee award.[3] In response and without a hearing, on September 20, 1994, the trial court issued a second order changing the amount of attorney fees from $12,665.30 to $5,282.30, effectively reducing the fee award by more than fifty percent.

On February 17, 1995, and for reasons unrelated to this dispute, the trial court allowed Gall to withdraw from the case.[4] On February 22, 1995, Gall filed a petition with

1. The petition seeking certiorari raised the following issue for our review:
 Whether the Colorado Court of Appeals has jurisdiction pursuant to C.R.S. 13–4–102(1) over court appointed attorney's fees controversies where the underlying action remains pending in the Trial Court and has not been appealed.
 Our order granting certiorari adopted the question as posed by the petitioners.

2. While the trial court is the nominal party before us, because the attorney general has entered an appearance on its behalf, we shall refer to the respondent as the "State."

3. Attorneys appointed by our trial courts are compensated in accordance with Chief Justice Directive No. 97–02, which set guidelines for compensation. In the event a particular matter requires extraordinary work on the part of the attorney, the trial court may grant fees in excess of the amount to be paid under the guidelines for the attorney's services.

4. In January 1995, Gall's client moved to Denver, Colorado. As a result of the move and the client's indigency status, it was impracticable for Gall to continue as the parent's attorney. On January 2, 1996, the trial court granted a motion of the Grand County Department of Social Services to change venue to the City and County of Denver.

this court pursuant to C.A.R. 21, asking that we intervene and reinstate the original attorney fees order.[5] On February 23, 1995, we denied the petition and declined Gall's invitation to exercise jurisdiction over the matter pursuant to C.A.R. 21.

### B.

On June 1, 1995, Gall filed a motion with the trial court asking that it reconsider the September 20, 1994 order reducing his fees and seeking $414 of additional fees. On October 2, 1995, the trial court denied Gall's motion to reconsider, while granting a $414 increase in fees. The trial court certified its October 2 order as a final judgment pursuant to C.R.C.P. 54(b). Accordingly, the trial court retained jurisdiction over the remaining claims in the underlying dependency and neglect matter still pending before the trial court.

Gall timely appealed the trial court's certified order to the court of appeals, seeking review of the trial court's "order entered October 2, 1995, affirming its previous order of September 20, 1994" as to attorney fees. *Gall,* No. 95CA1957, slip op. at 2. Concluding it was "without jurisdiction to entertain the appeal" to decide the attorney fees issue, the court of appeals dismissed Gall's appeal "even though the trial court certified the attorney fee order as final pursuant to C.R.C.P. 54(b)." *Id.*

Gall then petitioned this court for certiorari, claiming that the court of appeals erred when it held that it does not have jurisdiction over an attorney fees order certified as a final judgment while the underlying action remains pending in the trial court. We agree and therefore reverse the judgment of the court of appeals.

### II.

### A.

We begin our review by setting forth certain legal principles that guide our delibera-

tions. First, section 13–4–102(1) provides that the court of appeals "generally shall have initial jurisdiction over appeals from final judgments." *See Baldwin v. Bright Mortgage Co.,* 757 P.2d 1072, 1073 (Colo. 1988). Established pursuant to article VI, section 1, of the Colorado Constitution, the General Assembly plainly and clearly set forth the jurisdiction of the court of appeals. In unambiguous, straight-forward language, the General Assembly imbued the court of appeals with the power to review "final judgments of the district courts," subject to exceptions set forth in the statute. § 13–4–102. Thus, once a trial court renders a judgment that is "final," the court of appeals has authority to review that judgment.[6]

 Second, under C.R.C.P. 54(b), when more than one claim is pending in a civil action, a trial court may rule upon one or more but not all claims pending before it and "may direct the entry of a final judgment" as to those claims. Our rule 54(b) contemplates such and provides in pertinent part that:

> [w]hen more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay and upon express direction for the entry of judgment.

C.R.C.P. 54(b); *see also Baldwin,* 757 P.2d at 1072. Hence, a trial court may certify its ruling as a final judgment and thereby make clear to the affected parties and any appellate court that it considers its order as finally deciding a particular claim and, therefore, terminating its further consideration of the designated claim. However, the certification will not constitute a final decision of the

---

5. Under Colorado appellate rules, a party may petition the supreme court to obtain interlocutory review of a trial court's orders. C.A.R. 21. Our review under that rule is discretionary and is not considered a substitute for appellate review. *See People v. District Court,* 664 P.2d 247, 251 (Colo.1983); *see also* Colo. Const. art. VI § 3; C.A.R. 21.

6. Section 13–4–102(1)(b) through (h), 5 C.R.S. (1998), sets forth explicit exceptions that limit the court of appeals' authority to review final judgments. However, those exceptions are not applicable here.

whole controversy and "shall not terminate the actions as to any of the [other] claims, or parties." C.R.C.P. 54(b). When it certifies a ruling as its final judgment, a trial court has completed its work and has necessarily terminated further consideration of the issue, making the claim properly postured for appellate review, as far as the trial court is concerned.

■ Finally, a judgment is the final act of a trial court in which a decision is declared. The Colorado Rules define a judgment as a "decree and order to or from which an appeal lies." C.R.C.P. 54(a); 1A Cathy S. Krendl & Robert M. Hardaway, *Colorado Methods of Practice* § 701 (1989).

In *Trans Central Airlines v. McBreen & Assocs.*, 31 Colo.App. 71, 74, 497 P.2d 1033, 1035 (1972), the court of appeals stated:

> The District Court *may*, by the exercise of its discretion [and] in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in [a] multiple claims [civil] action[ ]. The timing of such a release is vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reason for delay....

(quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). We find this confidence in the discretion placed with our trial judges appropriate here. Moreover, it is consistent with the legislative grant of jurisdiction through section 13–4–102.

### B.

■ Under our rule 54(b), trial courts are to consider several factors before certifying a ruling as a final judgment. *See Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982). First, trial judges must determine that the decision to be certified is a ruling upon an entire "claim for relief." Next, the trial court must conclude that the decision is final in the sense of its ultimate disposition of an individual claim. *Id.* at 1125. That is, if the order is not "subject to revision" or further

consideration by the trial court, in effect, its order may be certified as final and an appeal may properly lie. Finally, assuming there is no just reason for delay in entry of a final judgment on a claim, efficient application of judicial resources and temporal considerations for all involved suggests that the order or decree may be certified and, hence, treated as ripe for appeal.

### III.

### A.

■ Applying section 13–4–102, the controlling statute, and C.R.C.P. 54(b) to the facts here, we see no reason to conclude that the trial court's order was not certifiable as a final judgment. The record does not indicate nor does anyone before us suggest that the trial court abused its discretion when it certified its order as a final judgment. Moreover, no party to the matter pending objects. We therefore see no basis to conclude that the trial court's October 2, 1995 order is not final and ripe for review by the court of appeals. We so conclude for several reasons. First, Gall's only claim for relief was for an increase in the amount of attorney fees that had been finally ordered; no other parties in the underlying action opposed the motion; and no claims existed between Gall and any other party before the trial court. Second, on October 2, 1995, the trial court made patently clear by its certification of its order that it would not grant further consideration of its ruling regarding Gall's legal fees. Because Gall was the only person with such a claim and the remaining claims for relief did not affect or arise against Gall, the trial court's holding effectively decided Gall's entire claim. Next, the trial court expressly determined that there was no just reason for delay,[7] directed the entry of final judgment upon the attorney fees claims, and considered its order final for all purposes, including appeal. This ruling by the trial court, as contemplated by the plain language of our

---

7. It is within the trial court's discretion to determine whether there is just reason for delay, and such determination will not be disturbed absent an abuse of discretion, not raised here. *See Messler v. Phillips*, 867 P.2d 128 (Colo.App. 1993).

rule, clearly signals to any reviewing court that the judgment is ripe for appeal.

## B.

 Nonetheless, the court of appeals concluded that it did not have jurisdiction and dismissed Gall's appeal. The court of appeals reasoned that "even though the district court certified the order as final pursuant to C.R.C.P. 54(b)," it was without jurisdiction to review the trial court's ruling because "the underlying action remains pending in the trial court and has not been appealed." *Gall v. District Court,* No. 95CA1957, slip op. at 2 (Colo.App. Apr. 17, 1997) (not selected for official publication). In its opinion, the court of appeals relied upon our decisions in *Halaby, McCrea & Cross v. Hoffman,* 831 P.2d 902 (Colo.1992) and *Bye v. District Court,* 701 P.2d 56 (Colo.1985).

In support of the court of appeals' judgment, the State argues before us that our reasoning in *Halaby* and *Bye* preordain the court of appeals' dismissal of Gall's appeal and, moreover, suggests that Gall was afforded his opportunity to appeal the trial court's order when we denied his petition for our interlocutory intervention pursuant to C.A.R. 21.[8] Because we find our precedent as set forth in those cases to the contrary and distinguishable on their facts, we disagree and are not persuaded by the State's argument.

Our holding in *Bye* does not give comfort to the argument of the State. There, we said that when court-appointed attorneys "seek appellate review of adverse orders concerning their fees," under the facts of *Bye,* we "conclude that the dispute ... is more appropriately resolved in an original proceeding [pursuant to C.A.R. 21] rather than on appeal." *Bye,* 701 P.2d at 59. In *Bye,* we reasoned that the exercise of our authority under C.A.R. 21 was appropriate because "trial court orders concerning such fees are largely administrative in nature" and because

"orders for the payment of fees are collateral to the merits of the underlying action." *Id.* However, important to our decision to exercise our discretionary authority in *Bye* was the fact that "the underlying ... action ha[d] been dismissed and no appeal of any other issue ha[d] been pursued [and thus none of the parties] ha[d] any continuing interest in the outcome of the dispute." *Id.* at 60. To the contrary, here, the proceeding in the underlying case remains and is pending before the trial court. Moreover, in *Bye,* we provided an example of a situation where an original proceeding would not be necessary. We stated that when the underlying claim has also been appealed, the court of appeals should hear questions regarding the award of attorney fees. *See id.* at 61. However, we did not intend to limit the court of appeals' jurisdiction to only those situations. Under the facts of this case, where the underlying claim is still pending before the trial court and the trial court has certified the attorney fees order as final pursuant to C.R.C.P. 54(b), appellate review is also appropriate.

The circumstances present in *Halaby* are likewise distinguishable. In *Halaby,* the trial court imposed sanctions against Halaby in the form of attorney fees for violating an order for mediation or settlement conference. Halaby petitioned this court, pursuant to C.A.R. 21, on the issue of the sanctions. The sanction issue there presented an entirely different consequence and implicated a different legal theory from the underlying action. In *Halaby,* we concluded that exercise of our jurisdiction under C.A.R. 21 was appropriate to review an attorney fees award imposed as a sanction for violating an order for mediation or settlement conference. There we exercised our discretion and accepted that case because the petitioner could have been held in contempt prior to any opportunity for appellate review. In light of that potential sanction in *Halaby,* we concluded that appellate review upon final judgment would not benefit the petitioner. *See Halaby,* 831 P.2d at 906.

---

8. We have previously held that:
 It is inaccurate to posit that one seeking an "appeal" through an original proceeding is being afforded his or her right to appeal. Denial of a C.A.R. 21 petition is not a decision on the merits,

but instead only represents a decision by this court not to exercise discretionary jurisdiction. *Allison v. Industrial Claim Appeals Office,* 884 P.2d 1113, 1120 (Colo.1994).

In *Halaby,* we reaffirmed *Bye,* holding that fee controversies may be resolved through the exercise of original jurisdiction because trial court orders concerning such fees are administrative in nature and are collateral to the merits of the underlying action. *Id.* at 905. We also concluded that "the court of appeals correctly dismissed the appeal, *but for different reasons*" not present here. *Id.* (emphasis added). More importantly, under the facts present in this case is what we did not state in *Halaby.* One may improvidently infer from a cursory reading of *Halaby* that because interlocutory jurisdiction exists it naturally restricts the jurisdiction of the court of appeals. However, we never stated that jurisdiction did not lie in the court of appeals.

## IV.

In sum, jurisdiction of the court of appeals is controlled and determined by section 13–4–102(1) to be generally limited to "final judgments of district courts." C.R.C.P. 54(b) grants trial courts the authority to certify a ruling as a final judgment on less than an entire case, without altering the require-ments of finality of judgment as to any claim. Today, therefore, we make clear our view that an order properly certified as a final judgment is within the jurisdiction of the court of appeals for purposes of appellate review.

Accordingly, we reverse the judgment of the court of appeals. In doing so we hold that the court of appeals has initial jurisdiction to review an order certified as final by a trial court regarding attorney fees, even though other claims in the underlying action are pending before the trial court. We therefore return this matter to the court of appeals with directions that it address on the merits the issues raised by Gall's notice of appeal.

KOURLIS, J., does not participate.